**The PEOPLE of the State of Colorado, Plaintiff,**

**v.**

**Anthony ABILA, Defendant.**

**No. 80CA0053.**

Colorado Court of Appeals, Div. II.

Feb. 8, 1980.

KIRSHBAUM, Judge.

This is a non-adversary review under C.A.R. 4(d)(3) and (4) pursuant to Colo.Sess. Laws 1979, Ch. 157, § 18–1–409.5 at 670. The sentence in question exceeds the presumptive range of 4 to 8 years plus one year of parole established by Colo.Sess. Laws 1979, Ch. 157, § 18–1–105(1)(a) at 669.

Defendant was charged with three substantive offenses, a fourth count alleging mandatory sentencing for a crime of violence, and five additional counts supporting a prosecutorial request for habitual criminal sentencing. Defendant entered guilty pleas to one count of first degree burglary and to the mandatory sentencing count; all other counts were dismissed as a result of plea negotiations. There were no sentence negotiations. The evidence presented at the sentencing hearing consisted of a presentence report prepared by the probation department, testimony of the owner of the burglarized residence, and statements of the defendant. The trial court made extensive and detailed oral findings of fact based upon the evidence and concluded that ex-

traordinary aggravated circumstances warranted a sentence exceeding the presumptive range.

Colo.Sess.Laws 1979, Ch. 157, § 18–1–105(7) at 670 contains the following provision:

"In all cases in which a sentence which is not within the presumptive range is imposed, the court shall make specific written findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence. . . ."

A transcript of the trial court's oral findings is before us. However, the statute directs the form by which the trial court must make specific written findings of the extraordinary circumstances warranting imposition of a sentence outside the presumptive range. Such requirement serves to distinguish clearly those findings from findings of circumstances supporting imposition of a definite sentence which is within the presumptive range. A transcript of the trial court's oral findings does not satisfy this specific legislative requirement. We therefore remand to the trial court with directions that that court supplement the record consistent with the legislative requirement above quoted and promptly recertify the record to this court.

Cause remanded with directions.

RULAND and STERNBERG, JJ., concur.