**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**John F. LeFABRE, Defendant-Appellant.**

**No. 80CA1207.**

Colorado Court of Appeals, Div. I.

Feb. 13, 1981.

STERNBERG, Judge.

This is a non-adversary review of sentence proceeding taken pursuant to C.A.R. 4(d)(3) and (4) pursuant to § 18–1–409.5, C.R.S.1973 (1979 Cum.Supp.). Upon his plea of guilty to criminal attempt to commit escape, a class 4 felony, defendant was sentenced to a term of one and one-third years, plus one year of parole, to be served concurrently with a sentence defendant was presently serving. The presumptive sentence for a class 4 felony is two to four years incarceration, plus one year of parole.

The record reveals that, in imposing its sentence, the court followed the recommendations of defendant's attorney and of the district attorney and that it considered the pre-sentence investigation report, the nature of the crime, and the background of the defendant. Nothing in the record indicates any impropriety in the proceedings in the trial court, or in the court's judgment and sentence.

We note, however, that there is an apparent failure to follow the requirements of the statute as interpreted by this court in *People v. Abila*, Colo.App., 606 P.2d 81 (1980). There we held that a separate written order was needed which detailed the extraordinary circumstances leading the court not to sentence within the presumptive range. We also held that a reporter's

transcript of the court's findings does not suffice. As in *Abila*, the court's findings appear in the transcript; however, here they are separately denominated and signed. The objective of *Abila* and the statute is to require that there be a separate written order, which is part of the trial court's file, and thus readily available for inspection. Here, since the transcript of the order is separately denominated and signed, this objective can be met by copying the transcription of this order, and placing it in the file.

Consequently, the trial court is directed to have the transcription of its sentencing order copied and placed in its file, and thereupon the sentence in this case shall be deemed approved.

COYTE and BERMAN, JJ., concur.