The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Kaneni B. CANTWELL, Defendant-Appellant.

Nos. 80CA0598, 80CA0693.

Colorado Court of Appeals, Div. III.

July 30, 1981.

Rehearing Denied Sept. 10, 1981.

Certiorari Granted Nov. 16, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colo. State Public Defender, Deborah S. Waldbaum, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Kaneni B. Cantwell, pled guilty to two counts of second degree forgery. Section 18–5–103(1)(a), C.R.S.1973 (1979 Repl.Vol. 8). This offense is a class 4 felony, the presumptive range of sentences for which is not less than two nor more than four years' imprisonment plus one year of parole. Section 18–1–105(1)(a), C.R.S.1973 (1980 Cum.Supp.). Noting that defendant's record included three prior felony convictions entailing substantially the same method of theft by use of checks, and noting that defendant was "on parole" from a 1969 forgery conviction at the time of the current offenses, the court concluded "that the facts of this case warrant an aggravated sentence . . . ." The court then sentenced defendant to a term of eight years plus one year of parole on each count, to be served concurrently. By order of this court, the non-adversary review mandated under C.A.R. 4(d)(3) and (4) pursuant to § 18–1–409.5, C.R.S.1973 (1980 Cum.Supp.), has been consolidated with defendant's appeal. We approve the sentence under the non-adversary review procedure and affirm the sentence in the appellate proceeding.

### I.

The principal issue raised in both cases is one that has previously been answered by a divided panel of this court in *People v. Gonzales*, Colo.App., 613 P.2d 905 (1980), a non-adversary review. There we held that "under the sentencing code, a defendant's criminal record may be considered by a court as 'extraordinary mitigating or aggravating circumstances' as that term is used in § 18–1–105(6), C.R.S. 1973 (1979 Cum.Supp.)." We reasoned in *Gonzales* that the record before both the sentencing court and this court on review must include a written presentence investigation report. A primary facet of that report is information about a defendant's past criminal record. Consequently, we concluded that the General Assembly intended information relating to a defendant's past criminal record to be something that properly could be considered an extraordinary mitigating or aggravating circumstance.

In *Gonzales* our conclusion was buttressed by the following considerations: to hold a sentencing court could not consider a defendant's bad record would be inconsistent with basic and traditional concepts in sentencing; and, had it been the intention of the General Assembly to eliminate such a traditional sentencing guide, a restrictive

definition of the term "extraordinary circumstances" would have been employed in the statute.

This reasoning is applicable here. However, as an additional reason for our conclusion, we note that in directing the sentencing court as to appropriate considerations in sentencing within the presumptive range, the General Assembly refers to "the nature and elements of the offense, the character and record of the offender, and *all aggravating or mitigating circumstances surrounding the offense and the offender."* Section 18–1–105(1)(b), C.R.S.1973 (1980 Cum.Supp.), (emphasis added). Subsection (6) then permits imposition of a sentence beyond the presumptive range, directing the court to consider "extraordinary mitigating or aggravating circumstances." In so doing the statute directs the sentencing court to look at the specifics of the "aggravating or mitigating circumstances surrounding the offense and the offender" to determine if they are "extraordinary." A fact "surrounding . . . the offender" is his criminal record. Thus, it may be considered when sentencing beyond the presumptive range.

Indeed, adoption of defendant's theory, would lead to an absurd result. If the prior record were removed from consideration, similar reasoning would require that evidence of defendant's character and the nature and elements of the offense not be considered. Thus, there would be nothing to constitute an extraordinary mitigating or aggravating circumstance. Such construction would render subsection (6) surplusage contrary to the rule of statutory construction to give meaning to an entire statute. Section 2–4–401, C.R.S.1973.

## II.

■ In sentencing this defendant the trial court did not contemporaneously enter written findings of the specific extraordinary circumstances justifying the sentence beyond the presumptive range. The court did so a week later. Defendant urges that this constitutes reversible error. We disagree. *People v. Abila,* Colo.App., 606 P.2d 81 (1980), is controlling in this regard. At the time of sentencing, the court in this case did refer to the fact that it was basing the sentence on the fact that defendant had been convicted of three other felonies. In *Abila,* this court, while holding that the statute required written findings, remanded to the trial court for later entry of such written findings, and upon receipt of them, approved the sentence. Application of *Abila* to the instant case requires rejection of defendant's argument; if a trial court can enter written findings after remand from this court, certainly it can do so on its own motion a week later.

## III.

■ Defendant's final assertion, that the totality of the circumstances does not justify an eight-year sentence, is also without merit. The record reveals that the trial court was concerned with the fact that defendant had forged checks in the past, had not learned respect for the law from her previous sentences, and was on parole at the time of this offense. The court stated that a severe sentence was required to avoid similar crimes being committed by this defendant. The court's conclusion is justified by the record. *See People v. Warren,* Colo., 612 P.2d 1124 (1980), wherein it was stated: "while rehabilitation may be the preferred method for preventing crime, an extended term of confinement is sometimes necessary in order to protect the public . . . [and to] provide for individual deterrence and correction."

The sentence is approved and the judgment is affirmed.

KELLY, J., concurs.

KIRSHBAUM, J., specially concurs.

KIRSHBAUM, Judge, specially concurring.

As the majority opinion indicates, the offense for which defendant was punished occurred while defendant was under parole supervision in connection with a prior offense.

Because such fact may be considered an "extraordinary" aggravating circumstance, § 18–1–105(6), C.R.S.1973 (1978 Repl.Vol. 8) (1980 Cum.Supp.); *see People v. Barmore,*

(No. 80CA1109, Dec. 26, 1980) (not selected for official publication), I agree with the majority's decision affirming the sentence imposed by the trial court.

I disagree, however, with the majority's conclusion—in my view wholly unnecessary to the resolution of this appeal—that the statute in question authorizes trial judges, at their absolute discretion, to impose sentence not within the presumptive range specified by the General Assembly for a particular offense solely because of the "record" of a particular defendant.

In the first place, such expansive construction of the presumptive penalty statute directly contravenes two of the stated purposes of the sentencing provisions of the Criminal Code: to punish an offender "by assuring the imposition of a sentence he deserves in relation to the seriousness of his offense," and to "assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences, [and] providing fair warning of the nature of the sentence to be imposed." Section 18–1–102.5(a), (b), C.R.S.1973 (1978 Repl.Vol. 8) (1980 Cum.Supp.). The rationale articulated by the majority emphasizes punishment in relation to other offenses and encourages the imposition of disparate sentences for identical criminal conduct. The General Assembly sought to prevent such anomalies by this statute.

The majority's construction of the statute also fails to give effect to the precise words and phrases articulated by the General Assembly. Section 18–1–105(1)(b), C.R.S.1973 (1978 Repl.Vol. 8) (1980 Cum.Supp.), which defines the factors to be considered for selecting a particular sentence within a presumptive range, specifically distinguishes the "record of the offender" from the phrase "all aggravating or mitigating circumstances surrounding the offense and the offender." Thus, the General Assembly has made clear, linguistically, that a defendant's "record" is a factor distinct from any aggravating or mitigating circumstances. *See People v. Gonzales,* Colo.App., 613 P.2d 905 (1980), *dissenting opinion.* A trial court may, solely on the basis of a defendant's record, sentence such defendant to the maximum term permitted within the legislative-ly defined presumptive range. The trial court may also base a sentence falling within the presumptive range on some factor other than the defendant's record—such as some aggravating or mitigating circumstance surrounding the offense or the offender.

The majority ignores this statutory definitional distinction on the theory that it would be ludicrous to conclude that a defendant's record cannot be considered in imposing a sentence outside the presumptive range while it may be considered for purposes of sentencing within the presumptive range. To the contrary, such distinction makes practical good sense when viewed in light of the statute's purpose of reducing sentence disparity by reducing trial court sentencing discretion. Whatever the merits of the debate as to whether sentencing statutes should mandate enhanced punishment for offenders with prior records, the General Assembly has made the determination in this statute that the prior record of an offender is a factor for consideration only as to where within the presumptive range a particular sentence for a particular offense may be imposed.