**The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Epifano M. SANCHEZ, Defendant.**

**No. 82CA0132.**

Colorado Court of Appeals, Div. II.

March 25, 1982.

STERNBERG, Judge.

This is a non-adversary review under C.A.R. 4(d)(3) and (4), pursuant to § 18–1–409.5, C.R.S.1973 (1980 Cum.Supp.). The defendant entered a negotiated plea of guilty to the offense of manslaughter, § 18–3–104, C.R.S.1973 (1978 Repl. Vol. 8), a class 4 felony and third degree assault, § 18–3–204, C.R.S.1973 (1978 Repl. Vol. 8), a class 1 misdemeanor.

◼ The trial court imposed a sentence of six years' incarceration on the manslaughter charge and a concurrent sentence of two years on the assault charge, plus one year of parole. The sentence as to the manslaughter charge exceeds the presumptive range of two to four years plus one year of parole established by § 18–1–105(1)(a), C.R.S.1973 (1981 Cum.Supp.).

This case must be remanded to the trial court to comply with the dictates of 1979 Colo.Sess.Laws, ch. 157, § 18–1–105(7), p. 670. It is provided there that when a court imposes a sentence not within the presumptive range it "shall make specific written findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence . . . ." *People v. Abila*, Colo.App., 606 P.2d 81 (1980).

The requirement for written findings has been deleted, 1981 Colo.Sess.Laws, ch. 210, p. 969, however, by § 3 of that act the deletion takes effect July 1, 1981, "and shall apply to all sentences imposed for the conviction of a felony committed on or after said date." Because the felony in this case was committed before July 1, 1981, the requirement for written findings survives.

◼ Consequently, we remand to the trial court with directions that it enter specific written findings indicating *the specific extraordinary circumstances* leading to the sentence beyond the presumptive range in compliance with the legislative requirement. The circumstances must be "extraordinarily aggravated" as distinguished from merely "aggravated" to warrant a sentence beyond the presumptive range. *Compare* § 18–1–105(6), C.R.S.1973 (1981 Cum.Supp.) *with* § 18–1–105(1)(b), C.R.S. 1973 (1981 Cum.Supp.). Thereafter, the record shall be recertified to this court. *See People v. Abila, supra.*

The cause is remanded with directions.

PIERCE and BERMAN, JJ., concur.