The PEOPLE of the State of
Colorado, Plaintiff,

v.

Ralph Harrison RAFFERTY, Defendant.

No. 82CA0094.

Colorado Court of Appeals,
Div. II.

April 1, 1982.

BERMAN, Judge.

This case comes before us as a non-adversary review of a sentence for a crime which was committed after July 1, 1981, pursuant to § 18–1–409.5, C.R.S.1973 (1980 Cum. Supp.). We dismiss the review.

The General Assembly in 1981 repealed § 18–1–409.5. The repealing act, Senate Bill No. 304, took effect on July 1, 1981, and applied to all sentences imposed for the conviction of a felony committed on or after that date. Colo.Sess.Laws 1981, ch. 210 at 969. It was approved by the Governor on May 26, 1981. However, at the same legislative session, the General Assembly, by House Bill 1156, seemingly readopted the provisions of § 18–1–409.5. *See* Colo.Sess. Laws 1981, ch. 211 at 970. This bill was also to take effect on July 1, 1981, and applied to all offenses committed on or after that date. This Act was approved by the Governor on May 29, 1981, three days subsequent to the approval of Senate Bill 304. We are thus confronted with what appears to be irreconcilable legislative enactments which would leave § 18–1–409.5 still in effect.

However, "laws enacted in the same session of the legislature should be harmonized if possible, particularly where they deal with interrelated subjects. . . ." *Aspen v. Howell*, 170 Colo. 82, 459 P.2d 764 (1969); *see Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979); § 2–4–301, C.R.S.1973 (1980 Repl. Vol. 1B).

◼ The primary purpose of Senate Bill 304 was to dispense with the necessity of a non-adversary review and to eliminate the requirement of specific *written* findings in justification of a sentence outside the presumptive range. This was accomplished by amending § 18–1–105(7), C.R.S.1973 (1978 Repl. Vol. 8) and specifically repealing § 18–1–409.5. The primary purpose of House Bill 1156, on the other hand, was to eliminate, under *specified circumstances*, the necessity for a court to make specific *written* findings in justification of a sentence outside the presumptive range. This was accomplished by amending § 18–1–105(7), C.R.S.1973 (1978 Repl. Vol. 8) and by the addition of subsection (9) to that section. *See* Colo.Sess.Laws 1981, ch. 211, § 18–1–105(9) at 970. When considering the primary purpose of each bill, in the

context with which we are concerned here, the fact that House Bill 1156 refers to § 18–1–409.5 when amending § 18–1–105(7) does not rise to the dignity of a readoption of § 18–1–409.5 previously specifically repealed. As a result, we hold that the two Acts (Senate Bill 304 and House Bill 1156) are not irreconcilable. Thus, we can harmonize the statutes by recognizing that non-adversary reviews under § 18–1–409.5 and C.A.R. 4(d) no longer exist with respect to sentences imposed for the conviction of a felony committed on or after July 1, 1981. We conclude that this non-adversary review is not properly before us.

■ Furthermore, we note that at the beginning of the 1982 legislative session the General Assembly enacted Senate Bill No. 1, which expressly approved the 1981 supplement to Colorado Revised Statutes and designated the 1981 supplement as "the positive and statutory law of a general and permanent nature of the State of Colorado with the same legal force and effect as, and as part of, Colorado Revised Statutes 1973." Colo.Sess.Laws 1982, ch. ____ at ____. This Act became law upon approval by the Governor on February 19, 1982. As a result of this Act becoming law, the requirement to have specific findings *on the record of the case* in justification of a sentence outside the presumptive range is applicable to all sentences which do not come under the exceptions listed in § 18–1–105(9), C.R.S. 1973 (1981 Cum.Supp.). *People v. Sanchez,* Colo.App., 644 P.2d 95 (1982).

Although this non-adversary review must be dismissed because this court lacks jurisdiction, the dismissal will have no effect on defendant's right to an adversary appeal of his sentence as provided for in § 18–1–409, C.R.S.1973 (1981 Cum.Supp.) and C.A.R. 4(c).

The non-adversary review is dismissed.

PIERCE and STERNBERG, JJ., concur.