The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John Powell JENKINS,
Defendant-Appellant.

No. 84CA0668.

Colorado Court of Appeals,
Div. II.

June 27, 1985.

Rehearing Denied Aug. 8, 1985.

Certiorari Denied Dec. 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John Powell Jenkins, pro se.

METZGER, Judge.

Defendant, John Powell Jenkins, appeals the trial court's denial of his Crim.P. 35(c)(2) motion. He contends that the sentencing court erred (1) by failing to advise him of his right to a nonadversary appellate review of his sentence; and (2) by sentencing him to a term greater than the presumptive range. We affirm.

In October 1982, defendant was charged with second degree burglary of a dwelling and theft. As part of a plea bargain defendant pled guilty to the class 4 felony of second degree burglary. A sentence of eight years incarceration concurrent to any existing sentence was imposed on July 11, 1983. That sentence was beyond the presumption range of two to four years for a class 4 felony.

On October 11, 1983, the trial court denied defendant's Crim.P. 35(b) motion for reconsideration of his sentence and his Crim.P. 35(c)(2) motion to vacate the sentence imposed.

## I.

Defendant has not previously sought review of the propriety of his sentence. *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980). Defendant first contends that the sentencing court erred by failing to advise him of his right to automatic appellate review of his sentence. We disagree.

Nonadversary appellate review for felony sentences not falling within the presumptive range was established in 1979. Colo.Sess.Laws 1979, ch. 157, § 18–1–409.5

at 670. The review process became effective July 1, 1979, and was codified in §§ 18–1–409(2.2) and 18–1–409.5, C.R.S. (1978 Repl.Vol. 8). C.A.R. 4(d) was subsequently promulgated and established a procedural framework for the nonadversary review process.

In 1981 the General Assembly repealed §§ 18–1–409(2.2) and 18–1–409.5, C.R.S. (1978 Rep.Vol. 8). Thus, the nonadversary appellate review process established by these provisions was dismantled, effective July 1, 1981. Colo.Sess.Laws 1981, ch. 210, at 969. C.A.R. 4(d) was not repealed, however, until September 23, 1983, effective January 1, 1984.

Defendant argues that, although the statutes establishing nonadversary sentence review had been repealed, C.A.R. 4(d) established his right to a nonadversary appellate review of his 1983 sentence. We disagree.

*People v. Rafferty,* 644 P.2d 102 (Colo. App.1982) is dispositive. In *Rafferty* this court held that, by virtue of the legislative action in 1981 "nonadversary reviews under § 18–1–409.5 and C.A.R. 4(d) no longer exist with respect to sentences imposed for the conviction of a felony committed on or after July 1, 1981."

Defendant was charged with a burglary committed on August 31, 1982. Thus, his right to a nonadversary appellate review no longer existed.

■ When a defendant attacks a conviction and sentence under Crim.P. 35(c), the legality of the judgment and the regularity of the proceedings leading to judgment are presumed. *People v. Brewer,* 648 P.2d 167 (Colo.App.1982). Since the nonadversary appellate review process did not exist in 1983, defendant failed to meet his burden and the trial court correctly denied defendant's Crim.P. 35(c)(2) motion.

## II.

Defendant also contends that the sentencing court deprived him of due process and equal protection and imposed cruel and unusual punishment by sentencing him to a term beyond the presumptive range. We disagree.

■ Since sentencing is discretionary, and since the trial court is the arbiter of the facts, its decision will not be modified on appeal absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984). Also, under § 18–1–105(9)(a), C.R.S. (1984 Cum.Supp.), the trial court is required to impose a sentence beyond the presumptive range if:

"the defendant was on parole for another felony at the time of the commission of the felony."

The constitutionality of § 18–1–105, C.R.S. (1984 Cum.Supp.) was upheld and the adequacy of its standards for guiding a trial court's sentencing discretion was approved in *People v. Phillips,* 652 P.2d 575 (Colo. 1982). *See also People v. Wright,* 672 P.2d 518 (Colo.1983).

■ At the time defendant committed the instant offense, he was on parole for another felony. Thus, the trial court's imposition of a sentence in the aggravated range was mandated pursuant to § 18–1–105(9)(a)(II), C.R.S. (1984 Cum.Supp.).

Moreover, the trial court made findings concerning the unique factors involved which formed the basis for its sentencing decision. It heard argument, statements of counsel, statements of the defendant, and considered the presentence report which indicated that the defendant had at least two prior felony convictions. Nor was the statutorily authorized sentence so grossly disproportionate to the conduct upon which it was based as to constitute cruel and unusual punishment. *See People v. Shaver,* 630 P.2d 600 (Colo.1981).

Thus, since the record establishes a clear justification for the sentence imposed, it will not be disturbed on review. *People v. Watkins, supra.*

Judgment affirmed.

SMITH and KELLY, JJ., concur.