**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Raymond LITTLETON,**
**Defendant–Appellant.**

**No. 89CA0043.**

Colorado Court of Appeals,
Div. II.

June 7, 1990.

Rehearing Denied July 5, 1990.

Certiorari Denied Oct. 22, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Douglas J. Friednash, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Raymond Littleton, who was convicted of first degree criminal trespass, appeals the trial court's order denying his Crim.P. 35(c) motion. We affirm.

Defendant contends he is entitled to the benefits of Colo.Sess.Laws 1988, ch. 124, § 18–1–105(1)(b)(VI) at 711, which reduced the presumptive range sentence from 1 to 4 years to 1 to 2 years for a number of offenses including first degree criminal trespass. Colo.Sess.Laws 1988, ch. 116, § 18–1–105(1)(b) VI at 681 also amends the statute at issue in exactly the same manner, but it excludes first degree criminal trespass from the sentence reduction provisions. Defendant argues, therefore, that we should apply the rule of lenity and give effect only to the enactment that does mention the offense in question. This we cannot do.

"If amendments to the same statute are enacted at the same ... sessions of the general assembly and one amendment is without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each." Section 2–4–301, C.R.S. (1980 Repl.Vol. 1B); *see* *People v. Owens,* 670 P.2d 1233 (Colo.1983); *People v. Rafferty,* 644 P.2d 102 (Colo.App. 1982).

Section 18–1–105(1)(b)(VI) as published in the 1988 Cumulative Supplement of Volume 8B excludes from the sentence reduction provisions first degree criminal trespass. The 1989 General Assembly expressly approved the 1988 supplement to the

Colorado Revised Statutes and designated the 1988 supplement as "the positive and statutory law of the state of Colorado with the same legal force and effect as, and part of, Colorado Revised Statutes." Section 2–5–125(1)(n)(IV), C.R.S. (1989 Cum.Supp.). Therefore, we conclude that defendant is not entitled to the sentence reduction provisions.

Order affirmed.

METZGER and PLANK, JJ., concur.