*Disbarred.*

---

[No. 4666.]

## SMITH v. THE PEOPLE.

1. **Intoxicating Liquors—Statutory Construction.**

Chapter 65, page 159, Session Laws 1901, prohibiting the sale of spirituous and malt liquors in counties outside of incorporated towns and cities without a license from the board of county commissioners, is valid, and the subject thereof is clearly expressed in the title.

**2.  Informations—District Courts—Perjury.**

An information for perjury which charges that it was committed in the "district court of San Miguel county, Colorado," charged with sufficient certainty before what court the alleged false oath was taken.

**3.  Same—Name of Clerk.**

In an information for perjury it is not necessary to state the name of the clerk of the court by whom the oath was administered.

**4.  Practice in Criminal Cases—Plea of Guilty—Examination of Witnesses.**

Section 1463 Mills' Ann. Stats., providing that in all cases where a defendant has pleaded guilty and the court has any discretion as to the extent of the punishment, "it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense," is mandatory, and where a defendant pleaded guilty to the charge of perjury, the fact that the judge before whom the plea was entered presided at the trial at which the perjury was committed, and all the facts upon which the charge of perjury was based were within his knowledge, did not relieve him of the duty of examining witnesses, and a sentence imposed under such circumstances without examining witnesses is erroneous and must be reversed.

*Error to the District Court of San Miguel County.*

Mr. PHIL. HORNBEIN, Mr. JOHN H. MURPHY and Mr. L. E. KENWORTHY, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

The information charges Charles A. Smith, the defendant below, with the crime of perjury. The offense is alleged to have been committed at a trial held on the 6th day of June, 1902, in the "district court of San Miguel county, Colorado." Smith was tried for an alleged violation of chapter 65 of the Laws of 1901, and was a witness in his own behalf. The law of 1901 prohibits the sale of liquors with-

out a license from the board of county commissioners; and the information charged Smith with the violation of that statute by the sale of liquor to one Albertini. It is charged that Smith wilfully and corruptly testified falsely, in response to interrogatories, that to the best of his knowledge there was not in the building occupied by him, during the months of April and May, 1902, any barrels, casks or bottles containing malt, spirituous or vinous liquors for sale, and that he was not aware of ever having kept any malt, vinous or spirituous liquor in the back room of his store building in San Miguel county; that these matters were material to the issue being tried; and that, in so testifying, Smith committed wilful and corrupt perjury.

The information charging perjury was filed June 9, 1902. On December 1, Smith withdrew his plea of not guilty and pleaded guilty. On December 13, the defendant was sentenced to a term in the penitentiary of not less than three and not more than five years. The record contains the following: "And witnesses being present for the purpose of giving testimony to the court for the court to thereby determine as to the aggravation and mitigation of the offense to which said defendant has plead guilty, and the court thereupon orally stating that all of the facts upon which the charge of perjury in this case were based were within the knowledge of the judge of this court, and that the testimony upon which said charge was based was given by said defendant in a case tried in this court, at a time when the present presiding judge thereof presided, and which testimony was given within the hearing of said judge of this court, the court thereupon said that it was not necessary to examine as to the aggravation and mitigation of these offenses, and therefore no testimony was introduced."

The title of the act under which Smith was first prosecuted is as follows: "An act prescribing a penalty for the sale of malt, vinous or spirituous liquors in counties outside of incorporated towns and cities, without having a license therefor; making the same unlawful, and repealing all acts in conflict herewith."—Session Laws 1901, chapter 65.

The record is brought here, and we are asked to set aside the judgment and sentence because the court did not take testimony concerning the aggravation and mitigation of the offense; because the subject-matter of the statute which was the basis of the original judicial proceeding was not clearly expressed in the title of said statutes; because the information sets forth the crime of perjury as having been committed in the "district court of San Miguel county, Colorado," which said described court is a court unknown to the constitution and statutes of Colorado; because the matters to which the plaintiff in error was alleged to have sworn falsely were not material to any issue in the proceedings in said information set forth; and because the information does not set forth the name of the clerk by whom the oath was administered to said Smith.

We shall consider at length only the first objection, for the reason that we are of opinion that the statute under which the defendant was first prosecuted is valid, and that the subject-matter thereof is clearly expressed in its title; that the designation of the court in which the perjury is alleged to have been committed as "the district court of San Miguel county, Colorado," charged with sufficient certainty before what court the alleged false oath was taken, that being a common description of the district courts in the statutes; and because we are of opinion that it was not necessary to state the name of the "duly authorized clerk of said court," by whom the oath is

alleged to have been administered, and that the testimony alleged to have been given was clearly material to the issue then being tried.

The first objection, that the court erred in passing sentence upon the plea of guilty without examining witnesses as to the aggravation and mitigation of the offense, is more serious; and, in our opinion, requires us to remand the defendant for resentence.

The statute, sec. 1463, Mills' Annotated Statutes, provides that in all cases where the defendant has pleaded guilty and the court possesses any discretion as to the extent of the punishment, "it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." Upon a conviction of perjury, section 1270, Mills' Annotated Statutes, provides that the defendant shall be punished by confinement in the penitentiary for a term not less than one year nor more than fourteen years. The court possessed discretion as to the extent of the punishment, and should have examined witnesses. The statute requiring the examination of witnesses was passed upon by this court in *Arrano v. The People,* 24 Colo. 233, and the court held the provisions of the statute to be mandatory, and that unless the fact that the witnesses were examined affirmatively appears in the record, the sentence is invalid. The closing paragraph of the opinion is as follows: "We think, therefore, that the record must affirmatively show all steps which were essential to sustain the sentence; and, the record before us failing to show that the court examined witnesses as required by statute, but in effect negatively showing that this was not done, the plaintiffs in error were sentenced in a manner not sanctioned by law, and such sentence is invalid. We do not regard the other objections as well taken; but, for the reasons given, the judgment must be reversed and the cause remanded for resentence,

after the examination of witnesses as provided by statute.''

The record here affirmatively shows that the court did not examine witnesses as to the aggravation and mitigation of the offense, but declined to do so, for the reason, as stated orally, that all the facts upon which the charge of perjury was based were within the knowledge of the court; that the testimony upon which said charge was based was given by said defendant in a case tried in that court at a time when the presiding judge thereof presided, and which testimony was given within the hearing of said judge. The perjury was committed in the month of June, 1902; the defendant was sentenced at a subsequent term of court, and in the month of December, 1902; and it is altogether probable that all the facts testified to in the former trial were not in the mind of the judge at the time of the sentence. Facts favorable to the defendant may have been forgotten, and facts in aggravation of the offense may have been retained.

If the court had heard testimony the same day, but in another case, we should decide that the statute had not been complied with. The statute is held to be mandatory; and it can be complied with only by the taking of testimony subsequent to the plea of guilty.

The attorney general says that we should not impute to the legislature that it intends the doing of a foolish or useless thing; that when it appears that the judge has within his own knowledge facts upon which the charge is based, it is idle to require him to again take testimony. And, as illustrative of this argument, he asks if it would be logical to require the taking of testimony in a case where a new trial had been granted because of some technical error, and the defendant had, before proceeding to the

second trial, pleaded guilty. The decision in the Arrano case, holding this statute to be mandatory, was rendered in the year 1897. There have been several sessions of the legislature since that time, but no limitation has been placed upon it, and we must presume that the legislature did not desire to change the law, but that it accepted the decision as a correct interpretation of its will. The record states that the judge heard the testimony of the defendant at a former trial; that the charge of perjury is based upon the said testimony; and that, because he had heard the testimony of the defendant, it was not necessary to hear testimony as to the aggravation or mitigation of the offense. The refusal to hear testimony is not based upon the fact that he had heard the testimony of other witnesses, but solely upon the fact that he had heard the testimony of the defendant. The record does not state that the court at another time heard testimony as to the aggravation or mitigation of the charge of perjury, but says that, upon another occasion, in another cause, he heard the testimony of the defendant, and that upon the testimony of the defendant was based the charge of perjury. If the recitals in this record can be held to meet the requirements of the statute, then whenever the record states that the facts upon which the charge is based are within the knowledge of the judge, the statute has been observed.

Aggravation is defined to be, "Any circumstance attending the commission of a crime or tort which increases its guilt or enormity or adds to its injurious consequences, but which is above and beyond the essential constituents of the crime or tort itself." —Black's Law Dictionary.

"Mitigating circumstances are such as do not constitute a justification or excuse of the offense in question, but which, in fairness and mercy, may be

considered as extenuating or reducing the degree of moral culpability."—Black's Law Dictionary.

In the case used by the attorney general to illustrate his argument, some matters in aggravation and mitigation of the offense might be shown; but, even in that case, the mitigating circumstances which are usually shown as appealing to the fairness and mercy of the judge could not be shown, because wholly irrelevant. In the case at bar, the circumstances in aggravation or mitigation of the charge of perjury would not likely be shown in the trial of a defendant charged with selling liquor without a license.

The legislature made it the duty of the judge to examine witnesses as to the aggravation and mitigation of the offense, as a protection to society, as well as to the defendant. The character of the defendant, his habits, his social standing, his intelligence, his motive for the commission of the offense, are all subjects pertinent to the inquiry required by the statute as to the aggravation or mitigation of the offense.

One of the defendant's most substantial rights is that of cross-examination of the witnesses. If the judge may refuse to hear testimony upon the ground that the facts are within his own knowledge, this right is lost to the defendant. The case of *Arrano v. The People* is decisive of this case, and we must therefore reverse the judgment.

The judgment is reversed, and the cause remanded with directions to the court to resentence the defendant upon the plea of guilty heretofore entered, after the taking of testimony as to the aggravation and mitigation of the offense, as required by statute.                    *Reversed and remanded.*

CHIEF JUSTICE GABBERT, dissenting:

The purpose of the statute was to require the

court, on a plea of guilty being entered, to take testimony bearing on the circumstances under which the crime was committed, so that discretion and intelligent judgment might be exercised in pronouncing the punishment which should be inflicted. Such seems to have been the view expressed in the Arrano case. In taking testimony on such plea, the court would not be justified in receiving evidence different from that which would be admissible in a trial on a plea of not guilty, because, in my judgment, testimony as to the aggravation and mitigation of the offense should be confined to those matters which would be relevant at a trial. The extent to which the court should hear testimony on a plea of guilty must, in a great measure, be discretionary. It appears from the record that the judge pronouncing sentence presided at the trial of the cause in which the perjury was committed. It must, therefore, be presumed he had that degree of knowledge touching the circumstances under which the crime was committed which the statute contemplates in the absence of an affirmative showing that testimony was offered and refused bearing on matters regarding which the judge was not advised, and which it would have been his duty to consider.

In my opinion, the conclusion of my associates is wrong, because it is based upon the erroneous assumption that the trial judge, on a plea of guilty, must hear testimony different from that which would be relevant and competent at a trial.

I dissent from the judgment announced.