The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Raymond Robert GONZALES,
Defendant-Appellant.

No. 80CA0158.

Colorado Court of Appeals,
Div. II.

June 19, 1980.

STERNBERG, Judge.

■ This is a non-adversary review under C.A.R. 4(d)(3) and (4), pursuant to § 18–1–409.5, C.R.S. 1973 (1979 Cum.Supp.). The sentence imposed by the trial court, four years' incarceration plus one year of parole, exceeds the presumptive range of not less than one nor more than two years' imprisonment plus one year of parole established by § 18–1–105(1)(a), C.R.S. 1973 (1979 Cum.Supp.). We approve the sentence.

Defendant was initially charged with a Class IV felony, but, pursuant to a plea agreement, entered a guilty plea to a Class V felony, criminal attempt to commit sexual assault on a child. By written order the court reviewed the evidence of the crime and found that the charge was based on evidence that he had sexually molested his five-year-old stepdaughter. The child had blood on her legs, and a 1-inch laceration between her vagina and anus. The child explained that, "Daddy has been playing with me."

In that order the court then reviewed defendant's criminal record noting that it includes at least five felony convictions. Included among the felonies were two counts of aggravated robbery in 1967, upon which defendant was sentenced on one count to from five to eight years in the Wyoming State Penitentiary. Also, the court recounted that in 1974 defendant was sentenced to ten to twenty years in the Kansas State Penitentiary for rape. The court then concluded that "these circumstances are unusually aggravated."

The issue presented by this non-adversary review is whether, under the sentencing code, a defendant's criminal record may be considered by a court as "extraordinary mitigating or aggravating circumstances" as that term is used in § 18–1–105(6), C.R.S. 1973 (1979 Cum.Supp.). If so, a sentence beyond the presumptive range is warranted. If not, the criminal record of a defendant may only be considered in determining the sentence to be imposed within the presumptive range. While the General Assembly has provided no definition of that phrase, our interpretation of the statutes and of the general principles relating to sentencing lead to the conclusion that a defendant's record may be a basis for sentencing beyond the presumptive range.

We deem it significant that the General Assembly has mandated that a sentencing court have before it a written pre-sentence investigation report which "shall include, but not be limited to, information as to defendant's family background, educational history, employment record, and *past criminal record* . . . ." § 16–11–102(1), C.R.S. 1973 (1979 Cum.Supp.) (emphasis added). Section 18–1–409.5(1), C.R.S. 1973 (1979 Cum.Supp.) also mandates that the pre-sentence report must be included in the record sent to this court in our non-adversary review of sentences not within the presumptive range. The General Assembly would not require such a report to be before both the sentencing court and this court if material contained therein relating primarily to the defendant's background, including his "past criminal record," is not to be considered as a factor in imposing a sentence beyond the presumptive range.

Moreover, to reach a contrary conclusion on this issue would be inconsistent with a basic and traditional concept in sentencing that recidivism is a cause for more severe punishment. *See People v. Warren*, Colo., 612 P.2d 1124 (79CA380, announced June 16, 1980). Here, the defendant had an extensive criminal record. If this identical crime had been committed by a first-time offender, traditionally, his sentence should be less than that given this defendant. The statutorily prescribed maximum and minimum sentences do not provide an answer to the problem. There, for example, the person with the extensive record, like defendant, would receive a two-year sentence

while a first-time offender is sentenced to a one-year term. Such disparity is of little significance, considering the background of the hypothetical first-time offender and this defendant. Nor does the power to grant probation to a first-time offender provide a satisfactory answer: What of the two-time offender as contrasted with one whose record is as extensive as this defendant's?

██ To interpret the sentencing law as preventing a trial judge from considering a defendant's criminal record as an extraordinary circumstance warranting imposition of a sentence beyond the presumptive range would serve to vest solely with the prosecuting authorities the power to seek, or not to seek, enhanced punishment for an offender with an extensive criminal record. *See* § 16–13–101, C.R.S. 1973 (1978 Repl. Vol. 8). If, indeed, that is the intent of the General Assembly, the statute should say so by providing a restrictive definition of the term "extraordinary circumstances."

Sentence approved.

KELLY, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting:

I disagree with the majority's interpretation of the phrase "extraordinary mitigating or aggravating circumstances," in the context of this statute. When § 18–1–105(6), C.R.S. 1973 (1979 Cum.Supp.), is viewed in relation to the total sentencing structure set forth in the Criminal Code, which includes the habitual criminal provisions of § 16–13–101, C.R.S. 1973 (1979 Cum.Supp.), I believe that it reflects the General Assembly's intent to confine the breadth of the disputed phrase to only the circumstances surrounding the commission of the crime which is the basis of the sentence and to exclude therefrom the past criminal history of the perpetrator. This intent is further evidenced by the language of § 18–1–105(1)(b), C.R.S. 1973 (1979 Cum. Supp.), outlining the factors to be considered by the trial court in imposing sentences within the presumptive range. In that section, the "record of the offender" is distinguished from "all aggravating or mitigating circumstances surrounding the offense," and the two are listed as independent factors to be considered.

The General Assembly has, for a considerable period of time, vested the problem of recidivism in the hands of the prosecutors, under § 16–13–101, C.R.S. 1973. The interpretation placed on § 18–1–105(6), C.R.S. 1973 (1979 Cum.Supp.), by the majority is an invasion of the discretionary power placed in the office of the District Attorney to deal with this problem.

I am further concerned that the rule announced by the majority allows for the lengthening of sentences beyond the presumptive ranges on the basis of the past record of the perpetrator without observing the procedural and constitutional protections regarding the pleading and proof of the past convictions which are built into § 16–13–101, C.R.S. 1973 (1979 Cum.Supp.).

I would disapprove the sentence.