The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Earl G. PHILLIPS, Defendant-Appellant.

No. 81SA73.

Supreme Court of Colorado, En Banc.

Oct. 12, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., J. Stephen Phillips, First Asst. Atty. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lee Allen Hawke, Boulder, for defendant-appellant.

1. Section 18–3–402, C.R.S.1973 (1978 Repl.Vol. 8).

ROVIRA, Justice.

The appellant, Earl G. Phillips, was sentenced to twelve years' imprisonment after entering a plea of guilty to first-degree sexual assault, a class 3 felony.[1] The sentence was beyond the presumptive range for a class 3 felony, and, pursuant to section 18–1–409.5, C.R.S.1973 (1979 Supp.),[2] a nonadversarial review of the sentence was conducted by the Colorado Court of Appeals. After considering the record and the propriety of the sentence, the court of appeals determined that the findings made by the sentencing court were supported by the record, justified the imposition of a sentence outside the presumptive range, and were consistent with the purposes of the presumptive sentencing law. *See* section 18–1–102.5, C.R.S.1973 (1981 Supp.).

The appellant's sole argument on appeal is that section 18–1–105(6), C.R.S.1973 (1981 Supp.), which permits sentencing outside the presumptive range, is unconstitutionally vague and thus deprives him of due process and equal protection because no standards are set out in the statute to guide the trial court on what are extraordinary aggravating or mitigating circumstances. We disagree.

### I.

The factual backdrop of this case is not in dispute. In April 1980 Phillips was charged with first-degree sexual assault in Boulder County. At about the same time, he was also charged with a similar offense in Denver. In the Boulder case he entered a plea of not guilty by reason of insanity and, as a result, was sent to the Colorado State Hospital where he was examined by a psychiatrist. As a result of this examination, the psychiatrist was of the opinion that Phillips was competent and legally sane. He was subsequently examined by another psychiatrist with the same result. Shortly thereafter, Phillips entered into plea negotiations which resulted in the charge filed in Denver being dismissed upon his entry of a guilty

2. Section 18–1–409.5, C.R.S.1973 (1979 Supp.), was repealed in 1981. Colo.Sess.Laws 1981, ch. 210 § 2 at 969.

plea to first-degree sexual assault in Boulder.

A presentence report reflected that Phillips had been convicted of rape in 1968 and had served 4½ years in prison for that offense. The trial court, after considering the presentence report, imposed a sentence of 12 years. This sentence exceeded the presumptive range of 4 to 8 years for a class 3 felony, but was within the range permitted by section 18–1–105(6), C.R.S. 1973 (1981 Supp.), that is, no more than twice the maximum term authorized in the presumptive range.

Phillips filed a motion for sentence modification in which he requested sentencing within the presumptive range and challenged the constitutionality of section 105(6) because "there are no guidelines or specifics giving guidance to the Court as to what extraordinary aggravating circumstances are." After a hearing the trial court denied the motion, finding the statute constitutional. In support of its finding of extraordinary aggravating circumstances, it noted Phillips had previously been convicted of rape, a charge of attempted sexual assault in Denver had been dismissed as a result of plea bargaining,[3] the act of sexual assault was premeditated and was accompanied by physical force, and Phillips was a danger to the public.

## II.

Effective July 1, 1979, the legislature adopted a scheme of presumptive penalties for those persons convicted of a felony.

Section 18–1–105(1)(a), C.R.S.1973 (1981 Supp.), establishes five classes of felonies, and a presumptive range is established for each class: class 1, life imprisonment or death; class 2, eight to twelve years plus one year of parole; class 3, four to eight years plus one year of parole; class 4, two to four years plus one year of parole; class 5, one to two years plus one year of parole.

Section 105(1)(b) provides in pertinent part that in imposing a sentence within the presumptive range "the court shall consider the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and the offender."

Section 105(6) permits the court to impose a sentence outside the presumptive range if it "concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purpose of this code with respect to sentencing, as set forth in section 18–1–102.5." [4]

Appellant points out that the factors listed in section 105(1)(b)—(a) the nature and elements of the offense, (b) the character and record of the offender, and (c) all aggravating or mitigating circumstances surrounding the offense and the offender—are the factors relied on in determining the sentence within the presumptive range. Consequently, the appellant argues, it is improper to use these same factors to sentence outside the presumptive range. However, the factors considered in sentencing

---

**3.** In *People v. Lowery,* 642 P.2d 515 (Colo. 1982), we held that within the court's broad discretion to sentence it is proper for a judge to consider aggravating or mitigating information, including other charges dismissed at the time of the plea, in order to balance the competing sentencing goals of punishment, deterrence, rehabilitation, and protection of society.

**4.** Section 18–1–102.5, C.R.S.1973 (1981 Supp.), states:

"Purposes of code with respect to sentencing. (1) The purposes of this code with respect to sentencing are:

(a) To punish a convicted offender by assuring the imposition of a sentence he de-serves in relation to the seriousness of his offense;

(b) To assure the fair and consistent treatment of all convicted offenders by eliminating unjustified disparity in sentences, providing fair warning of the nature of the sentence to be imposed, and establishing fair procedures for the imposition of sentences;

(c) To prevent crime and promote respect for the law by providing an effective deterrent to others likely to commit similar offenses; and

(d) To promote rehabilitation by encouraging correctional programs that elicit the voluntary cooperation and participation of convicted offenders."

within the presumptive range are not the same as those considered in sentencing outside that range. In sentencing outside the range, it is *extraordinary* mitigating or aggravating circumstances that are considered.

Acceptance of appellant's argument would strip subsection (6) of the statute of all meaning. Subsection (6) requires that evidence of extraordinary circumstances be found in the record of the sentencing hearing and the presentence report. If one were to exclude from consideration the three factors named in subsection (1), there would be little left for a sentencing judge to consider.[5]

In *People v. Gonzales,* Colo.App., 613 P.2d 905 (1980), the court of appeals was faced with the question of whether a defendant's criminal record may be considered by a court as "extraordinary mitigating or aggravating circumstances." Recognizing that the General Assembly had provided no definition of that phrase, the court nevertheless concluded that a defendant's record may be a basis for sentencing beyond the presumptive range. See *People v. Cantwell,* 636 P.2d 1313 (Colo.App.1981), *cert. granted,* Nov. 16, 1981, *cert. dismissed,* No. 81SC323, July 26, 1982.

In arriving at its conclusion in *Gonzales,* the court of appeals found it significant that a sentencing court is required to have a presentence report before it can impose sentence and that such a report includes information as to the defendant's background and past criminal record.

Appellant would have us adopt the reasoning of the dissent in *Gonzales,* that the "record of the offender" is distinguished from "all aggravating or mitigating circumstances surrounding the offense," and, therefore, a defendant's criminal record should not be considered by a sentencing

court to support a sentence outside the presumptive range. However, section 105(1)(b) of the statute reads "all aggravating or mitigating circumstances surrounding the offense *and the offender.*" (emphasis added). To accept the reasoning of the *Gonzales* dissent would be to conclude that "the nature and elements of the offense" and "the character and record of the offender" cannot be "aggravating or mitigating circumstances surrounding the offense and the offender." Although this argument has a certain superficial appeal, we must conclude that the legislature intended no such result. Rather, looking at section 18–1–105 as a whole, it appears that what the legislature intended was "other aggravating or mitigating circumstances." To conclude otherwise would be to render subsection (6) mere surplusage, contrary to the well-established rule of statutory construction that the entire statute is intended to be effective. Section 2–4–201(1)(b), C.R.S.1973 (1980 Repl.Vol. 1B).

The argument that a statute is unconstitutionally vague has been considered by this court on many occasions. We have adopted certain rules of statutory adjudication to guide us in our analysis of such a claim and no good purpose would be served by extensive repetition. Suffice it to say we presume the statute to be constitutional; the party attacking the statute must establish its unconstitutionality beyond a reasonable doubt; the court has a duty to construe the statute in such a way that it is not void for vagueness whenever a reasonable and practical construction can be given to its language; the statute must be read and considered as a whole so as to ascertain the intent of the legislature in passing it; and the words and phrases used are to be considered in their generally accepted meaning. *R & F Enterprises v. Board of County Commissioners,* 199 Colo. 137, 606 P.2d 64 (1980).

---

5. Although not conclusive, some idea of what the legislature meant by "extraordinary aggravating circumstances" can be gleaned from section 18–1–105(9)(a), adopted in 1981. Colo. Sess.Laws 1981, ch. 211, 970–971. This section provides that if a person is convicted of a felony while on parole, probation, on bond, under confinement, or convicted of a crime of violence, then that is an aggravating circumstance which mandates sentencing beyond the presumptive range. Furthermore, section 105(9)(c) allows the court to consider aggravating circumstances other than those stated in section 105(9)(a) as a basis for sentencing beyond the presumptive range.

The presumptive sentencing statute reflects the legislature's concern that sentencing of felons be fair and consistent, provide punishment commensurate with the seriousness of the offense, act as a deterrent, and promote rehabilitation. In order to accomplish these multi-faceted goals, the legislature first established a presumptive range of sentences for different classes of felonies, thus ensuring fairness and consistency by eliminating unjustified disparity in sentences. It required the court to consider, when determining the sentence within the presumptive range, not only the nature and elements of the offense and the character and record of the offender, but also aggravating or mitigating circumstances surrounding the offense and the offender.

Recognizing that circumstances might arise which would dictate a sentence lesser or greater than permitted under the presumptive sentence range, the legislature authorized the sentencing court to exercise independent judgment if it determined that extraordinary mitigating or aggravating circumstances were present and such circumstances were supported in the record of the sentencing hearing and the presentence report.

The phrase "aggravating or mitigating circumstances," in the context of a sentencing statute, has a long history and appears in the sentencing statutes of other states.[6] Although the phrase is not defined in the legislative act, that failure does not render the statute unconstitutionally vague. We, as other courts, often make reference to dictionaries and to the case law to determine the probable legislative intent in using a particular word. *People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975).

"Aggravate" has been defined as "to make worse, more serious, or more severe: intensify." *Webster's Third New International Dictionary* at 41 (1971). "Mitigate" has been defined as "to make less severe, violent, cruel, intense, painful; soften, alleviate." *Id.* at 1447. The word "extraordinary" has been defined as "going beyond

what is usual, regular, common, or customary." *Id.* at 807.

In *Smith v. People,* 32 Colo. 251, 75 P. 914 (1904), this court was called upon to interpret a statute which provided that where a defendant pleads guilty and the court possesses any discretion as to the extent of the punishment, the trial court has a duty to examine witnesses as to the aggravation and mitigation of the offense. The court, quoting from Black's Law Dictionary, defined aggravation as "[a]ny circumstance attending the commission of a crime or tort which increases its guilt or enormity or adds to its injurious consequences, but which is above and beyond the essential constituents of the crime or tort itself." Quoting from the same source, it said that "[m]itigating circumstances are such as do not constitute a justification or excuse of the offense in question, but which, in fairness and mercy, may be considered as extenuating or reducing the degree of moral culpability." 32 Colo. at 257–58, 75 P. at 916.

In concluding that the trial court was bound to examine witnesses, the court stated:

> "The legislature made it the duty of the judge to examine witnesses as to the aggravation and mitigation of the offense, as a protection to society, as well as to the defendant. The character of the defendant, his habits, his social standing, his intelligence, his motive for the commission of the offense, are all subjects pertinent to the inquiry required by the statute as to the aggravation or mitigation of the offense."

32 Colo. at 258, 75 P. at 916.

In *People ex rel. City of Arvada v. Nissen,* 650 P.2d 547 (Colo.1982), we noted that the words "intentionally" and "recklessly" are not strangers to the average person and "judges and juries are quite capable of applying them to varied circumstances in the resolution of legal disputes." To the same extent, "extraordinary mitigating or aggra-

---

6. *See, e.g.,* Ga.Code Ann. § 27–2534.1 (1982 Supp.); Ind.Code Ann. § 35–50–1A–3 (Burns 1979 Repl.Vol.); Mont.Code Ann. §§ 46–18–303 to –305 (1981).

vating circumstances" are words that are capable of being applied by a judge in a fair and reasoned manner when called upon to impose a sentence which is lesser or greater than the presumptive sentence range.

■ The legislature is not constitutionally required to define specifically the readily comprehensible and everyday terms it uses in statutes. *See Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Moreover, "words inevitably contain germs of uncertainty." *Id.* As we have said before, "[b]ecause of such limitations in our language, statutory terms should be given the benefit of our common sense understanding." *People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975).

■ While it is true that the difference between "aggravating or mitigating circumstances" and "extraordinary mitigating or aggravating circumstances" is not objectively quantifiable, that does not necessarily render it impermissibly vague. It is also true, as appellant argues, that all judges may not agree with the trial court's finding of extraordinary aggravating circumstances in this case. However, appellant misconceives the concept of vagueness in the sentencing context. A rigid mechanistic formula under which a sentencing judge need only plug in numbers to derive the appropriate sentence is neither required nor desired; rather, what is required is guidance to the court's discretion. As this court has pointed out many times, sentencing is, by its very nature, a discretionary decision requiring the weighing of many factors. *People v. Watkins,* Colo., 613 P.2d 633 (1980). The sentencing decision should reflect a rational selection from various alternatives consistent with the aims of due process, and "[g]iven the many factual situations coming before the sentencing judge, it is impossible to catalogue here all the factors that are significant to the sentencing process." *Id.* at 637 n. 14.

7. *See People v. Gonzales,* Colo.App., 613 P.2d 905 (1980) and *People v. Cantwell,* 636 P.2d

■ In our view the words "extraordinary mitigating or aggravating circumstances" mean that among the factors the trial court may weigh and consider are unusual aspects of the defendant's character, past conduct, habits, health, age, the events surrounding the crime, pattern of conduct which indicates whether he is a serious danger to society, past convictions, and possibility of rehabilitation. The reference in section 105(6) to the presentence report[7] reflects the legislative intent that the court should consider the prior history and circumstances of the defendant and the facts surrounding the offense in determining whether there are facts which justify imposition of a sentence lesser or greater than the presumptive range. *See People v. Scott,* Colo., 615 P.2d 35 (1980) (in sentencing, trial judge must consider various factors and arrive at synthesis which is reflective of the interests of society and the defendant).

In conclusion, we hold that section 18–1–105(6), C.R.S.1973, is not unconstitutionally vague.

The judgment is affirmed.

LOHR, J., specially concurs.

ERICKSON, DUBOFSKY and QUINN, JJ., join in the special concurrence.

LOHR, Justice, specially concurring.

I concur in the majority opinion but write separately to explain further the reasons why, in my view, the *extraordinary* mitigating or aggravating circumstances standard for sentencing outside the presumptive range is not unconstitutionally vague on its face.

Traditionally, trial judges have been permitted broad discretion in selecting appropriate sentences. *E.g., People v. Cohen,* Colo., 617 P.2d 1205 (1980). "However, the discretion implicit in the sentencing decision is not an unrestricted discretion devoid of reason or principle. On the contrary, the sentencing decision should reflect a rational

1313 (Colo.App.1981).

selection from various sentencing alternatives in a manner consistent with the dominant aims of the sentencing process." *People v. Watkins,* Colo., 613 P.2d 633, 636 (1980). The policies to be advanced by appropriate sentence selection include punishment commensurate with the seriousness of the offense, deterrence, rehabilitation, and elimination of unjustified disparity in sentences. Section 18–1–102.5(1), C.R.S.1973 (1981 Supp.). These standards give general guidance, but their effective implementation is dependent upon the exercise of sound judicial discretion.

In order to promote careful sentence selection consistent with the legislatively expressed policies and to facilitate effective appellate review, among other reasons, we have required that "in felony convictions involving the imposition of a sentence to a correctional facility the sentencing judge state on the record the basic reasons for the imposition of sentence." *People v. Watkins, supra,* Colo., 613 P.2d at 637. I believe similar considerations are reflected in the legislative decision to require a statement of reasons in support of a sentence at both the high and low ends of the range of authorized sentences under section 18–1–105, C.R.S.1973 (1981 Supp.).

Under section 18–1–105 the General Assembly established a middle or presumptive sentencing range for each class of felonies, set the lower sentencing limit at one-half the minimum term authorized in the presumptive range, and fixed the maximum sentence at twice the upper limit of the presumptive range.[1] Thus, a judge may sentence a defendant within a spectrum beginning at one-half the presumptive minimum and extending to twice the presumptive maximum.

The presumptive range reflects a legislative judgment of the sentencing limits appropriate to the usual case. Recognizing, however, the multitude of factors significant to the sentencing process, *see People v. Watkins, supra,* ʼand the fact that the weighing of these factors in some cases will reflect that a sentence within the presumptive range would be inappropriately high or low, the General Assembly extended the sentencing limits on both ends. Taking cognizance of the enhanced need for care in the imposition of an unusually lenient or severe sentence, the legislature included a requirement that the trial court make spe-

---

1. Section 18–1–105(1)(b) provides:

   Except as provided in subsection (6) and subsection (9) of this section and in section 18–4–202.1 [relating to habitual burglary offenders], a person who has been convicted of a class 2, class 3, class 4, or class 5 felony shall be punished by the imposition of a definite sentence which is within the presumptive ranges set forth in paragraph (a) of this subsection (1). In imposing the sentence within the presumptive range, the court shall consider the nature and elements of the offense, the character and record of the offender, and all aggravating or mitigating circumstances surrounding the offense and the offender. The prediction of the potential for future criminality by a particular defendant, unless based on prior criminal conduct, shall not be considered in determining the length of sentence to be imposed.

   Subsection (6) of section 18–1–105 provides:

   In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

   Subsection (7) of section 18–1–105, as amended in 1981, provides:

   In all cases, except as provided in subsection (9) of this section, in which a sentence which is not within the presumptive range is imposed, the court shall make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence.

   Subsection (9), adopted in 1981, specifies certain extraordinary aggravating circumstances that require sentences outside the presumptive range. See n. 5 in the majority opinion.

cific findings detailing the extraordinary circumstances that constitute its reasons for varying from a presumptive sentence. Section 18–1–105(7).[2] I do not believe, however, that, by using "extraordinary mitigating or aggravating circumstances" as the test for appropriateness of a sentence outside the presumptive range, the General Assembly was attempting to draw exact lines. The obvious difficulty of precision of measurement of the circumstances relevant to sentencing is such that it is not conceivable that the legislature was endeavoring to compartmentalize and divide precisely the ordinary and the extraordinary. *Cf. People v. Warren,* Colo., 612 P.2d 1124 (1980) (Sentencing is discretionary and is not subject to scientific precision.). Rather, I believe the reading of section 18–1–105 that best gives effect to the presumptions that the legislature intended a just and reasonable result, section 2–4–201(1)(c), C.R.S.1973, and one feasible of execution, section 2–4–201(1)(d), C.R.S.1973, is that "extraordinary mitigating or aggravating circumstances" is simply a general standard to guide the court in the exercise of its sentencing discretion.

The statute informs the exercise of discretion by a sentencing judge by specifying the legislative judgment as to the sentencing range for the ordinary case, but takes cognizance of the fact that a greater or lesser sentence may be necessary in the exercise of the court's sound discretion to reflect what the court considers to be extraordinary circumstances. In such cases the trial court must make specific findings as to the circumstances deemed extraordinary, and the resulting sentence is subject to appellate review under section 18–1–409(1), C.R.S.1973 (1981 Supp.)[3] and C.A.R. 4(c) for propriety "having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the infor-

mation on which it was based." Section 18–1–409(1); *see, e.g., People v. Cohen, supra.* The statutory requirement of specific findings to support a severe sentence comports with and reinforces our cases holding that a sentence of extended duration must be supported by clear justification in the record. *E.g., People v. Horne,* Colo., 619 P.2d 53 (1980); *People v. Warren, supra.* So viewed, the legislative standard gives helpful guidance to the trial courts in fixing sentences and aids the appellate courts in reviewing them but presents no issue of unconstitutional vagueness.

It is because I would so construe section 18–1–105, and for the additional reasons stated by the majority, that I concur in the rejection of the appellant's due process challenge to the "extraordinary mitigating or aggravating circumstances" standard in section 18–1–105.

ERICKSON, DUBOFSKY and QUINN, JJ., join in this special concurrence.

---

**2.** Our decision in *People v. Watkins, supra,* extends this requirement by mandating a statement of basic reasons for any sentence to a correctional facility even though that sentence be within the presumptive range.

**3.** As noted in the majority opinion, the review of the present case is based on section 18–1–409.5, C.R.S.1973 (1979 Supp.), repealed in 1981, which provided for automatic appellate review of sentences outside the presumptive range.