24CA0551 Peo v Garcia-Gonzales 06-04-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0551
Weld County District Court No. 22CR1574
Honorable Timothy Kerns, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Norberto Garcia-Gonzales,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 4, 2026

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kirstiana Perryman, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Norberto Garcia-Gonzales, appeals the district court's sentence imposed following the court's acceptance of a plea agreement under which Garcia-Gonzales pleaded guilty to leaving the scene of an accident involving death.  We affirm.

## I.    Background

¶ 2    While driving his car, Garcia-Gonzales hit and killed a motorcyclist.  After the crash, Garcia-Gonzales abandoned his car and fled the scene on foot.  Officers later apprehended Garcia-Gonzales.  The People charged him with leaving the scene of an accident involving death, careless driving, driving under restraint (alcohol related offense), and obstructing a peace officer.

¶ 3    Garcia-Gonzales entered into a plea agreement with the prosecution in which he agreed to plead guilty to leaving the scene of an accident and the People agreed to drop the remaining charges. The leaving the scene of an accident charge carried a presumptive sentencing range of four to twelve years in prison.  *See* § 42-4-1601(2)(c), C.R.S. 2025 (leaving the scene of an accident involving death is a class 3 felony); § 18-1.3-401(1)(a)(V.5)(A), C.R.S. 2025 (a class 3 felony has a presumptive sentencing range of four to twelve years).

¶ 4     Under the plea agreement, Garcia-Gonzales also agreed that the court could consider aggravating circumstances, including two prior DUI convictions, in determining whether to increase his sentence under section 18-1.3-401(6).  Under that statute, if the court finds extraordinary aggravating circumstances, it may impose a sentence that is up to twice the maximum presumptive sentence — in this case, up to twenty-four years.  *See* § 18-1.3-401(6).  The court also advised Garcia-Gonzales of this possibility at the providency hearing, and Garcia-Gonzales said he understood that was what he had agreed to.

¶ 5     At Garcia-Gonzales's sentencing hearing, the prosecutor requested a sentence of twenty-four years based on aggravating factors.  Specifically, the prosecutor mentioned Garcia-Gonzales's criminal history, including the two prior DUI convictions.  The prosecutor began discussing the facts of those cases.

¶ 6     Garcia-Gonzales's counsel objected and argued that considering the facts of the prior convictions would be "judicial fact finding."  The court overruled the objection, saying that the parties had stipulated in the plea agreement that the cases could be

2

considered aggravating factors and it wouldn't be "appropriate for

the Court to disregard the case files in those cases."

¶ 7     The prosecutor continued describing the facts underlying

Garcia-Gonzales's prior convictions:

> He has a strong odor of alcohol. He tells one officer that he had two and a half beers, he tells another officer that he had none. There is [a] bottle of [beer] found in the back of the car. Ultimately, his blood test comes back a .184 and he pleads guilty and is sentenced to probation . . . .
>
>  . . . .
>
> 370 days later, after being placed on probation for that offense, a call comes out where the Weld County Sheriff's Officer responds to a traffic accident where a bystander called in that a -- that there was a crash and that the person took off.
>
> And the deputy then sees someone matching that description, contacts the defendant, strong odor of alcohol, bloodshot, watery eyes and keys to the vehicle in his pocket after he had left the scene, after crashing his car into a pile of rocks.
>
> And based on that, the original probation was revoked, he again was sentenced to probation and he's sentenced to 45-days jail with credit time served of two days, and then the defendant fails to serve those sentences and warrants are issued. Those same warrants were active on the day of this tragedy where the defendant ran and kept running.

¶ 8 In determining Garcia-Gonzales's sentence, the court noted Garcia-Gonzales's two prior DUI convictions and referred to facts relating to those prior convictions; for example, "there was a statement that you fell asleep while drinking and then drove a vehicle off the road," and "[t]here was an opportunity in 2011, a missed opportunity, to ensure that you received treatment to understand the impacts of alcohol."

¶ 9 At the end of the hearing, the court said, "What I do know is that I have -- I simply do not have any confidence that the imposition of a sentence that is focused on rehabilitation will result in any reception by you, it hasn't happened in the last dozen years." The court concluded that "24 years in the Department of Corrections is reasonable and just and required," and it sentenced Garcia-Gonzales accordingly.

## II. Discussion

¶ 10 Garcia-Gonzales contends that (1) the district court erred by considering facts not proved beyond a reasonable doubt to a jury; (2) Colorado's extraordinary aggravating circumstances sentencing statute is unconstitutional because it allows a judge to find

4

aggravating factors; and (3) that statute is also unconstitutionally vague. We address and reject each contention in turn.

A.    The Court Properly Found Aggravating Circumstances

¶ 11    Garcia-Gonzales contends that the district court erred by relying on facts relating to his prior DUI convictions to impose an aggravated sentence because he hadn't stipulated to the use of these facts or to judicial factfinding. We disagree.

1.    Additional Facts

¶ 12    In the plea agreement, Garcia-Gonzales stipulated as follows:

> Mr. Garcia-Gonzales agrees that he has prior convictions for DUI in Weld County cases 13T85 and 11T5389 and stipulates that the Court can consider these Blakely-exempt facts in considering imposing an aggravated range sentence, though he does not stipulate or agree that the Court should or must impose such a sentence and may argue against it. In sum, the range of prison would be a minimum of four (4) years and a possibility of up to twenty[-]four (24) years.

And at the providency hearing, the district court asked Garcia-Gonzales if he understood he was stipulating that he had the two prior convictions and to allowing the court to consider "the [*Blakely-*]exempt facts in considering and imposing an aggravated range sentence." Garcia-Gonzales said that he did.

## 2. The Court Properly Relied on *Blakely*-Exempt Facts

¶ 13     The court didn't err by considering the facts of Garcia-Gonzales's prior convictions.

### a. Applicable Law

¶ 14     Under section 18-1.3-401(6), a court can impose a sentence that is up to twice the maximum presumptive range if it finds the existence of extraordinary aggravating circumstances.

¶ 15     But, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *People v. Elie*, 148 P.3d 359, 365 (Colo. App. 2006) (quoting *Blakely v. Washington*, 542 U.S. 296, 301 (2004)). Such facts include "all facts that are not reflected in a jury verdict or, in the case of a plea bargain, to all facts beyond those that establish the elements of the charged offense." *People v. Isaacks*, 133 P.3d 1190, 1193 (Colo. 2006). Thus, a court may rely only on *Blakely*-compliant or *Blakely*-exempt facts to impose an aggravated sentence. *Lopez v. People*, 113 P.3d 713, 719-20, 723 (Colo. 2005).

¶ 16     *Blakely*-compliant facts include facts found by a jury beyond a reasonable doubt, facts admitted by the defendant, and facts found

by a judge after the defendant stipulates to judicial factfinding. The fact of a prior conviction is a *Blakely*-exempt fact. *Id.* And "[t]his prior conviction exemption is not limited to just the fact of conviction. It extends to any facts 'regarding' the prior conviction that can be found in conclusive judicial records . . . ." *People v. Alvarado*, 284 P.3d 99, 103 (Colo. App. 2011) (quoting *People v. Huber*, 139 P.3d 628, 633 (Colo. 2006)). If a court relies on at least one *Blakely*-exempt fact, "the aggravated range sentence is constitutional, even if the court also considered facts that did not fall into one of the four categories [of *Blakely*-compliant or *Blakely*-exempt facts]." *Elie*, 148 P.3d at 366 (first citing *Lopez*, 113 P.3d 713; and then citing *People v. Martinez*, 128 P.3d 291 (Colo. App. 2005)); *see also People v. Banark*, 155 P.3d 609, 613 (Colo. App. 2007).

### b.  Analysis

¶ 17      In determining Garcia-Gonzales's sentence, the court relied on two *Blakely*-exempt facts — the two prior convictions. Because the court properly relied on two *Blakely*-exempt facts, the aggravated sentence is constitutional even if the court also considered facts about Garcia-Gonzales's prior convictions that weren't *Blakely*-

exempt. *See Lopez,* 113 P.3d at 731; *People v. Scott,* 140 P.3d 98, 100 (Colo. App. 2005). Therefore, the court didn't err by considering facts regarding Garcia-Gonzales's prior convictions.

¶ 18 Nonetheless, Garcia-Gonzales argues that the court erred because it relied on facts that aren't *Blakely*-exempt or *Blakely*-compliant and the *Blakely*-exempt facts in the aggregate, rather than relying on *Blakely*-exempt facts independently as, he says, Colorado case law requires. But the case law on which he relies tells a different story.

¶ 19 In *Lopez,* 113 P.3d 713, the district court considered several factors in aggravating Lopez's sentence "that *included* the vehicular homicide convictions and Lopez's conduct during the period of deferred judgment on the possession offense." *Id.* at 716 (emphasis added). And the Colorado Supreme Court affirmed the sentence, saying that the district court properly "aggravated [Lopez's] sentence *in part* on the prior conviction facts." *Id.* (emphasis added). As well, the court held that the existence of even one *Blakely*-compliant or *Blakely*-exempt fact "opens a wider sentencing range under section 18-1.3-401(6)," allowing a court to also consider facts that aren't *Blakely*-compliant or *Blakely*-exempt. *Id.*

8

at 731.  Thus, it appears that both the district court and the supreme court considered the *Blakely*-exempt facts and the other facts in the aggregate.  *See id.*  The court used the same reasoning in *DeHerrera v. People*, 122 P.3d 992 (Colo. 2005), when it affirmed a district court's aggravated sentence based on three factors, two of which were *Blakely*-exempt.  *See id.* at 994.  These cases therefore don't bear the weight Garcia-Gonzales places on them.

¶ 20     In sum, Garcia-Gonzales's sentence doesn't run afoul of *Blakely*.

### B.     Garcia-Gonzales Waived His Argument That the Statute Is Unconstitutional Because It Allows a Judge to Find Aggravating Facts

¶ 21     Garcia-Gonzales contends that the extraordinary aggravating circumstances provision is unconstitutional because it allows a judge, rather than a jury, to find whether aggravating circumstances exist.  But he waived this argument.

¶ 22     "Waiver . . . is 'the *intentional* relinquishment of a *known* right or privilege.'"  *People v. Rediger*, 2018 CO 32, ¶ 39 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)).  Waiver of a right extinguishes appellate review.  *Id.* at ¶ 40.  A defendant can waive his right to challenge a court's sentencing determination in

his plea agreement. *See People v. Villela*, 2019 COA 95, ¶ 24; *Villanueva v. People*, 199 P.3d 1228, 1235 (Colo. 2008). And a defendant can, of course, waive even constitutional rights. *See Medina v. People*, 2023 CO 46, ¶ 17; *Stackhouse v. People*, 2015 CO 48, ¶ 8.

¶ 23   As previously mentioned, Garcia-Gonzales stipulated in his plea agreement that the court could consider his prior convictions in determining whether to impose an aggravated sentence. By consenting to this in his plea agreement, he effectively waived his argument that the court violated his constitutional right to a jury finding of those aggravating circumstances. *See Villela*, ¶ 24.

¶ 24   Garcia-Gonzales argues in his reply brief that he didn't waive this argument because he "expressly reserved his right to argue that the court should not or must not" impose an aggravated sentence. But that isn't what the plea agreement says. It says that the court could "consider these Blakely-exempt facts in considering imposing an aggravated sentencing range"; Garcia-Gonzales wasn't stipulating that "the court should or must impose such a sentence." In other words, Garcia-Gonzales reserved the right to argue that the court should not impose an aggravated sentence and wasn't

required to do so. That isn't the same as arguing that the court *couldn't* impose an aggravated sentence based on the prior convictions without having the existence of those convictions found by a jury, which is what he seeks to argue on appeal. Because he waived that argument, we won't consider it. *See Rediger*, ¶ 40.

### C. The Aggravating Circumstances Provision Isn't Unconstitutionally Vague

¶ 25    Garcia-Gonzales contends that the aggravating circumstances statute is unconstitutionally vague because the United States Supreme Court has implicitly overruled controlling Colorado case law holding that it isn't. Again, we disagree.

### 1. Standard of Review

¶ 26    Because Garcia-Gonzales didn't raise this contention below, it is unpreserved. *See People v. Miller*, 113 P.3d 743, 748-49 (Colo. 2005). We review unpreserved vagueness challenges for plain error. *People v. Allman*, 2012 COA 212, ¶ 17. Plain error is error that is obvious and so undermined the fundamental fairness of the proceeding (in this case, sentencing) as to cast serious doubt on its reliability. *Hagos v. People*, 2012 CO 63, ¶ 14; *Banark*, 155 P.3d at 611.

11

## 2. As-Applied Vagueness Challenge

¶ 27　A defendant may challenge a statute as unconstitutionally vague either on its face or as applied to the defendant's conduct. *People v. Devorss*, 277 P.3d 829, 835 (Colo. App. 2011). "A statute is vague as applied if it does not, with sufficient clarity, prohibit the conduct against which it is to be enforced." *Id.*

¶ 28　But "[a] person who engages in conduct that is clearly proscribed by the statute cannot complain of the vagueness of the law as applied to the conduct of others." *People v. Perea*, 74 P.3d 326, 332 (Colo. App. 2002). In this case, Garcia-Gonzales stipulated in his plea agreement that the aggravated circumstances statute applied to him because he agreed that the court could consider his prior convictions. Therefore, he can't now argue that the statute is unconstitutionally vague as applied to him. *See id.*

## 3. *Phillips* Remains Good Law

¶ 29　Even if Garcia-Gonzales could raise an argument that the statute is unconstitutionally vague, his argument is barred by controlling Colorado case law, which would require us to reject it.

¶ 30　In *People v. Phillips*, 652 P.2d 575 (Colo. 1982), the Colorado Supreme Court held that a prior version of the aggravating

circumstances statute wasn't unconstitutionally vague. *Id.* at 580 (citing § 18-1-105(6), C.R.S. 1981). The current statute is materially identical to the prior version. *Compare* § 18-1.3-401(6), C.R.S. 2025, *with* § 18-1-105(6), C.R.S. 1981.

¶ 31    Garcia-Gonzales argues, however, that *Phillips* is no longer controlling law and we should depart from its holding. His argument is based on two United States Supreme Court cases: *Johnson v. United States*, 576 U.S. 591 (2015), and *Beckles v. United States*, 580 U.S. 256 (2017). In *Johnson,* the Court held that constitutional vagueness principles apply to statutes that fix sentences. *See* 576 U.S. at 596. And in *Beckles,* the Court held that range-altering statutes may be challenged on vagueness grounds. 580 U.S. at 262-63. Garcia-Gonzales argues that *Johnson* and *Beckles* effectively overruled *Phillips* because the analysis underlying their holdings differs from *Phillips*'s vagueness analysis.

¶ 32    But *Phillips*'s holding is consistent with *Johnson* and *Beckles.* In *Johnson,* the Court held that a statute *requiring* a sentence enhancement if the defendant had been previously convicted of three "violent felonies" was unconstitutionally vague because "[i]t

13

ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements," and it left "uncertainty about how much risk it takes for a crime to qualify as a violent felony."  576 U.S. at 597-98; *see also Sessions v. Dimaya*, 584 U.S. 148, 161-62 (2018) (same); *United States v. Davis*, 588 U.S. 445, 451-53 (2019) (same).  But the Court clarified that a statute that required the court to consider the facts of each case rather than an imagined ordinary case wouldn't be unconstitutionally vague.  *Johnson*, 576 U.S. at 603-04; *see also Davis*, 588 U.S. at 454.

¶ 33    The statute at issue in this case requires a case-by-case assessment of the relevant facts.  *Phillips* recognized this.  *See* 652 P.2d at 577-78.  And, as the People correctly point out, *Lopez* further limits the kinds of facts the court may consider, all of which must be based on evidence in the record.  113 P.3d at 731.  Thus, *Phillips* is consistent with later Supreme Court precedent.  It follows that the district court didn't err, much less plainly err, by applying the aggravating circumstances statute to Garcia-Gonzales.

### III.    Disposition

¶ 34    We affirm the sentence.

14

JUDGE FOX and JUDGE DUNN concur.