Sidney DEHERRERA, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 04SC446.

Supreme Court of Colorado,
En Banc.

Nov. 7, 2005.

Rehearing Denied Nov. 28, 2005.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, for Petitioner.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, for Respondent.

Robert J. Whitley, Chief Appellate Deputy District Attorney, Denver, for Amicus Curiae Colorado District Attorneys' Council.

MULLARKEY, Chief Justice.

I.  Introduction

We granted certiorari in this case to determine whether, in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the court of appeals erred in holding that, consistent with the right to a jury trial in the Sixth Amendment, the trial judge properly imposed upon the defendant a sentence of imprisonment in the aggravated range.  After this case was briefed and argued, we decided *Lopez v. People,* 113 P.3d 713 (Colo.2005), applying *Blakely* to the Colorado sentencing scheme. In the present case, the court of appeals relied on one of its own decisions, *People v. Allen,* 78 P.3d 751 (Colo.App.2001), *overruled by Lopez,* 113 P.3d at 729 n. 13, to affirm DeHerrera's sentence.  *People v. DeHerrera,* No. 03CA0920, slip op. at 1, 2004 WL 1179369 (Colo.App.2004) (not selected for official publication) (holding that under *Allen,* the trial court's finding of extraordinary aggravating circumstances was permissible).

We now apply *Blakely* and *Lopez* to the facts of this case and uphold the sentence imposed on the defendant.

## II. Facts and Procedural History

Sidney DeHerrera was charged with one count of robbery, section 18–4–301(1), C.R.S. (2002), one count of second degree aggravated motor vehicle theft, section 18–4–409(4)(b), C.R.S. (2002), and one count of third degree assault, section 18–3–204, C.R.S. (2002). In exchange for DeHerrera pleading guilty to the robbery charge, the People agreed to dismiss the other charges.

The factual basis for DeHerrera's plea was a statement of probable cause agreed to by the defendant. According to that statement, DeHerrera assaulted the victim and stole his car in a "strong arm robbery/carjacking."

Although the presumptive sentencing range for robbery is two to six years of imprisonment, the trial court found aggravating factors and imposed an aggravated prison sentence of eight years with three years of mandatory parole. In finding that De-Herrera's sentence should be enhanced, the trial judge stated:

> It's aggravated by the fact that you have four prior felonies. That's a lot of felony convictions. It's aggravated by the fact that this case involves an act of violence against this victim that allowed you to take his car from him and it's aggravated by the fact that you learned absolutely nothing from your previous experiences .... Within 10 months of your release from discharge after your parole had been violated, you are back here committing violent crimes again.

DeHerrera appealed, arguing that the trial court aggravated his sentence on the basis of uncharged facts not found by a jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The court of appeals affirmed the trial court's sentencing decision in an opinion issued shortly before the United States Supreme Court decided *Blakely*.

## III. Analysis

■ Except for the fact of a prior criminal conviction, trial courts are prohibited from imposing sentences above the statutory maximum on the basis of facts other than those found by a jury or admitted to by the defendant, unless the defendant stipulated specifically to judicial fact-finding. *See Blakely*, 124 S.Ct. at 2541; *Apprendi*, 530 U.S. at 489, 120 S.Ct. 2348.

In *Lopez*, this court considered the effect of *Apprendi* and *Blakely* on Colorado's sentencing system. We held that section 18–1.3–401(6), C.R.S. (2005) [1], which permits sentencing in ranges above and below the presumptive range, can be constitutionally applied if the sentencing court finds relevant *Blakely*-compliant or *Blakely*-exempt facts that support a departure from the presumptive sentencing range. *Lopez*, 113 P.3d at 719–20. We explained that "facts admitted by the defendant, found by the jury, or found by a judge when the defendant has consented to judicial fact-finding for sentencing purposes we call '*Blakely*-compliant,' and prior conviction facts we call '*Blakely*-exempt.'" *Id.* at 723 (quoting *Arizona v. Aleman*, 210 Ariz. 232, 109 P.3d 571, 580 (Ariz.App.2005)). Applying these principles to our sentencing system, we said:

> the existence of a constitutionally-permissible aggravating or mitigating fact widens the sentencing range on both the minimum and maximum ends, to a floor of one-half the presumptive minimum up to a ceiling of double the presumptive maximum.... Sentencing within this widened range under section 18–1.3–401(6), based on *Blakely*-compliant or *Blakely*-exempt factors, is both constitutionally and statutorily sound even if the sentencing judge also considered factors that were not *Blakely*-compliant or *Blakely*-exempt.

*Id.* at 731.

We upheld Lopez's enhanced sentence because the *Blakely*-exempt fact of a prior criminal conviction opened the aggravated sentencing range, and the trial court proper-

---

1. For convenience, we refer to the current statutory compilation because the provision has not

been changed.

ly sentenced Lopez to a term of imprisonment within that range.

■ As we explained,

[p]rior conviction facts are *Blakely*-exempt in large part because these facts have been determined by a jury beyond a reasonable doubt or admitted by the defendant in a knowing and voluntary plea agreement. Thus, as long as the prior proceedings were not constitutionally flawed, the defendant's Sixth Amendment rights were adequately protected in the prior conviction proceeding.

*Id.* at 730. Although the existence of a prior conviction opens the aggravated sentencing range, the trial judge is not required to impose a sentence within that range. On the contrary, "[w]hether prior convictions are extraordinary aggravating circumstances is a determination made by the judge alone." *Id.*

## IV. Application

■ To determine the validity of DeHerrera's sentence in the aggravated range, we must resolve whether the sentence imposed was based on *Blakely*-compliant or *Blakely*-exempt factors.

As in *Lopez*, the defendant's aggravated prison sentence in this case was imposed under section 18–1.3–401(6). This section permits a trial judge to sentence a defendant to a term outside the presumptive range upon finding that such a departure is justified by the existence of an extraordinary aggravating or mitigating circumstance. Here, *Blakely*-exempt facts clearly opened the aggravated range for sentencing because the defendant had prior felony convictions. To decide whether to impose a sentence in the aggravated range, the trial judge may consider " 'unusual aspects of the defendant's character, past conduct, habits, health, age, the events surrounding the crime, pattern of conduct which indicates whether [the defendant] is a serious danger to society, past convictions, and possibility of rehabilitation.' " *People v. Leske*, 957 P.2d 1030, 1043 (Colo.1998) (quoting *People v. Walker*, 724 P.2d 666, 670 (Colo.1986)).

In the present case, the trial judge imposed an aggravated sentence on the basis of three factors. First, the trial judge cited DeHerrera's four prior felony convictions. Second, the trial judge stated "this case involves an act of violence against this victim that allowed you to take his car from him." Finally, the trial judge noted the short period of time between DeHerrera's release from prison and the commission of the offense in this case. The first and third factors listed by the trial court are *Blakely*-exempt factors, and under *Lopez*, "[o]ne *Blakely*-compliant or *Blakely*-exempt factor is sufficient to support an aggravated sentence." 113 P.3d at 731. Nothing more is constitutionally required and we uphold DeHerrera's sentence. *See id.* at 730 ("Because the prior conviction facts adequately support the aggravated sentence, we do not analyze the uncharged conduct constituting the second factor [in the trial court's sentencing decision].").

## V. Conclusion

DeHerrera's sentence was properly enhanced under the reasoning of *Lopez*. The judgment of the court of appeals is affirmed on other grounds, as stated in this opinion.

Justice COATS concurs in the judgment only, and Justice KOURLIS joins in the concurrence.

Justice COATS, concurring in the judgment only.

I concur in the majority's judgment affirming the court of appeals and upholding the defendant's sentence, but I do so largely for the reasons articulated in my separate opinion in *Lopez v. People*, 113 P.3d 713 (Colo.2005). Were I to conclude that the defendant's sentence was not statutorily authorized by the jury's verdict alone (as does the majority), and that the sentencing court acquired authority to sentence beyond the presumptive range only as the result of additional factfinding, I would feel compelled to remand for resentencing. While I have previously criticized this court's understanding of the term "statutory maximum," I think the majority's application of that concept in this case brings into even sharper focus its incompatibility with the recent sentencing jurisprudence of the United States Supreme

Court, as well as its truly anomalous policy implications.

The United States Supreme Court has made clear that a defendant is entitled to have any fact that increases his penalty beyond the prescribed statutory maximum, with the possible exception of the fact of a prior conviction, submitted to a jury and proved beyond a reasonable doubt. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004). Apparently, admissions by the defendant, as well as his accession to judicial factfinding, amount to a waiver or forfeiture of that entitlement. Further, the Supreme Court has explained that by "statutory maximum" it refers to the maximum sentence that a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *United States v. Booker,* 543 U.S. 220, ——, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005). Rather than understanding the "statutory maximum," however, as the longest sentence legislatively permitted for conviction of a particular crime alone (in contradistinction to a sentence permitted by the general assembly only upon the finding of additional aggravating facts), the majority conceives of the statutory maximum as the longest sentence authorized by a combination of the applicable statute "and the particular facts validly before the judge in the case." *Lopez,* 113 P.3d at 722.

If the court's intent had not already been made clear, the majority in this case unequivocally intends the statutory maximum, upon conviction alone, to be the highest number of years specified in the presumptive range. Although the court in *Lopez* accepted the well-settled propositions that the characterization of aggravating circumstances as extraordinarily aggravating is a legal determination and that facts tending to establish the elements of an offense themselves can be considered aggravation or extraordinary aggravation, it concluded that a finding of extraordinary aggravation, triggering a sentence beyond the presumptive range, necessarily requires a finding of facts not reflected in the jury's verdict.[1] *See id.* at 725–26 (construing and applying *People v. Leske,* 957 P.2d 1030 (Colo.1998), *People v. Walker,* 724 P.2d 666 (Colo.1986), and *People v. Phillips,* 652 P.2d 575 (Colo.1982)).

The real significance of the majority's "statutory maximum," however, is not its *initial* location at the top of the presumptive range, but its ability to "morph" with additional factfinding. Rather than representing a legislatively established point beyond which any greater sentence for a particular crime can be based only upon facts admitted by the defendant or further established by a jury, the majority's "statutory maximum" changes or shifts upward upon the finding of any so-called *Blakely*-compliant or -exempt fact, widening the sentencing range within which traditional sentencing discretion may be exercised and additional facts, whether *Blakely*-compliant or not, may be considered. *See Lopez,* 113 P.3d at 720, 731.

Even if the "statutory maximum" for a particular crime, a concept integral to the United States Supreme Court's holding in *Blakely,* could reasonably be understood to float with jury findings and admissions of the defendant not already reflected in the verdict, *but see Lopez,* 113 P.3d 713, 731–35 (Coats, J., concurring in the judgment only), it is difficult to imagine how this could also occur with prior convictions. At best, a prior conviction is distinguishable from the kind of facts that a defendant is entitled to have established by a jury before contributing to an increased penalty. While a judicially-determined prior conviction may therefore be a fact capable of supporting a penalty beyond the "statutory maximum," in no sense is it a fact "reflected in the jury verdict or admitted by the defendant." *See Booker,* 125 S.Ct. at 749. It is therefore difficult to see how it could, even according to the rationale of *Lo-*

---

1. I find it curious that the *Lopez* majority did not choose the mid-point of the presumptive range as its initial statutory maximum, since there is no qualitative distinction between aggravation and extraordinary aggravation, and the sentencing court's balance of aggravation and mitigation determines how great a sentence within the presumptive range is to be imposed. By the majority's reasoning, a finding of aggravation sufficient to justify a large presumptive range sentence would seem to require a finding of facts not already reflected in the verdict every bit as much as does a finding of extraordinary aggravation.

*pez,* raise the "statutory maximum" and simultaneously widen the range subject to traditional sentencing considerations.

Nevertheless, the majority holds that a prior conviction is not only capable of supporting an increased penalty but actually "opens the aggravated sentencing range," maj. op. at 993, such that a sentence within this widened range " 'is both constitutionally and statutorily sound even if the sentencing judge also considered factors that were not *Blakely*-complaint or *Blakely*-exempt,' " *id.* (quoting *Lopez,* 113 P.3d at 731). Like the court in *Lopez,* the majority finds it unnecessary to address the non-*Blakely*-compliant or -exempt facts also relied on by the sentencing court. Maj. op. at 994. Unlike *Lopez,* however, it fails to find that the sentencing court relied upon any *Blakely*-compliant fact, which raised the "statutory maximum."

The sentencing court in this case clearly based its extraordinarily aggravated sentence, in part, on facts that were neither *Blakely*-compliant nor *Blakely*-exempt, without also relying on any *Blakely*-compliant fact. I would therefore remand for resentencing if I believed, like the majority, that extraordinarily aggravated sentencing necessitates additional factfinding. If some of the facts upon which the sentencing court relied were not permissible, it is difficult to know whether that court would have imposed the same sentence based solely upon permissible considerations. I believe that this result would be required even if the defendant's prior convictions were adequately established, but for aught appearing in the majority's opinion, it also remains unclear to me precisely what procedure or proof is required in this jurisdiction to establish and rely upon a defendant's prior record as an extraordinarily aggravating fact.

The general assembly expressly accounts for a defendant's prior felony record in its sentencing provisions for habitual criminals. Under those provisions, a defendant may be sentenced to various multiples of the maximum sentence in the presumptive range for the felony of which he stands currently convicted, but only upon separate charges, a separate hearing, and proof beyond a reasonable doubt that the defendant has been previously convicted as alleged. *See* §§ 18–1.3–801 –804, C.R.S. (2005). Although sentences in the extraordinarily aggravated range under the general felony sentencing scheme similarly may extend to twice the maximum in the presumptive range, *see* § 18–1.3–401(6), C.R.S. (2005), and although sentencing in this range is held by the majority to be permissible only upon additional factfinding, the majority would apparently permit it solely by taking judicial notice of prior convictions, without requiring separate pleading or proof whatsoever.

Under the constitutional and statutory construction of the majority, a defendant with an alleged prior conviction (apparently for anything) is subject to double the sentence permitted by his current conviction alone, unless (presumably) he successfully rebuts that allegation. Ironically, under this regime, a defendant charged with a more serious offense may be subject to a far greater increase in penalty, based on far less process, than a habitual criminal charged with a less serious offense. Perhaps even more ironically, the majority's construction of our statutory scheme as authorizing sentencing beyond the presumptive range only upon additional facts, while simultaneously permitting the sentence to double for any prior conviction or *Blakely*-compliant fact, converts a sentencing scheme of broad judicial discretion, guided by legislative presumptions, into one of vastly disparate sentencing ranges, determined by minor differences in criminal history and additional jury findings or admissions, however innocuous.

Because I do not consider this restructuring of our sentencing scheme to be required by, or even consistent with, recent Supreme Court sentencing jurisprudence, and because I believe it will lead to irrational, and fortuitous, differences in sentencing, I concur only in the judgment of the court to affirm.

I am authorized to state that Justice KOURLIS joins in this concurrence.