In re: the **PEOPLE of the State of Colorado**, Plaintiff

v.

**Travis Patrick LOPEZ, Defendant.**

**No. 06SA116.**

Supreme Court of Colorado, En Banc.

Nov. 20, 2006.

Rehearing Denied Dec. 4, 2006.*

---

* Justice Eid does not participate.

James W. Wilson, District Attorney, Twenty–Second Judicial District, Cortez, Colorado, Attorney for Plaintiff.

Douglas K. Wilson, Colorado State Public Defender, Mark G. Walta, Deputy Public Defender, Denver, Colorado, Attorneys for Defendant.

Justice COATS delivered the Opinion of the Court.

Travis Lopez, a criminal defendant who pled guilty to vehicular homicide and vehicular assault, petitioned this court pursuant to C.A.R. 21 for relief from a sentencing order of the district court. After entering his pleas and being sentenced to concurrent twenty-four-year terms, the defendant appealed his aggravated-range sentence. In an unpublished opinion, the court of appeals remanded for resentencing because it was unable to conclude from the record that the factors offered by the sentencing court in support of its aggravated sentence had been determined in a manner consistent with the defendant's constitutional right to a jury trial. On remand, the district court granted the People's motion for specific jury findings about the commission of the crimes, in order that they might be taken into account by the sentencing court in assessing the appropriateness of an aggravated sentence.

We issued a rule to show cause. Because the law of this jurisdiction does not permit the statutory maximum sentence to which a defendant has subjected himself by pleading guilty to be increased by subsequent jury findings, the district court erred, and the rule is made absolute.

## I.

In August 2003, the defendant, Travis Patrick Lopez, was charged by information with vehicular homicide, vehicular assault, and several less serious counts, following an alcohol-involved car accident, which left one teenage girl dead and another with debilitating injuries. In December 2003, Lopez pled guilty to vehicular homicide and assault, in exchange for dismissal of the other counts and a sentence concession of concurrent sentencing. The district court accepted the de-

fendant's plea, advising him that his sentence could be aggravated should the court find sufficient aggravating factors. After finding several extraordinary aggravating circumstances in the commission of the offense and the defendant's personal history, the district court imposed concurrent terms of twenty-four years.

On the defendant's appeal of these sentences, the court of appeals vacated both and remanded for re-sentencing. With regard to vehicular assault, the appellate court found that the sentence exceeded the statutory sentencing range for a class four felony—a presumptive range of two to six years, with a maximum aggravated sentence of twelve years. With regard to vehicular homicide, the appellate court found, in reliance on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Lopez v. People,* 113 P.3d 713 (Colo.2005), that the record did not support a sentence beyond the presumptive range for a class three felony.

The appellate court found that the defendant had not stipulated to judicial fact-finding, nor were these particular facts admitted by him or determined by a jury. Furthermore, the court of appeals concluded that the record before it was inadequate to establish whether a deferred judgment relied on by the sentencing court had actually resulted in a prior conviction. Although it found that the defendant's prior criminal history appeared to include two petty offenses and a class three misdemeanor for harassment, the appellate court noted that the sentencing court had not mentioned them in imposing its aggravated sentence. Considering itself unable to determine whether the sentencing court had actually relied on any constitutionally permissible fact in sentencing the defendant beyond the presumptive range, the appellate court vacated the sentence and remanded for re-sentencing.

On remand, the district court granted the People's motion for a jury trial, solely to determine the existence of factual circumstances surrounding the commission of these crimes and a prior driving incident in which the defendant was involved. The district court ruled that the People were entitled to a jury determination of the existence of these facts, which might then be considered extraordinary aggravating circumstances by the sentencing court.

The defendant petitioned this court for relief pursuant to C.A.R. 21 on the ground that in granting the motion, the district court exceeded its jurisdiction.

## II.

■ Exercise of the supreme court's original jurisdiction is entirely within its discretion. *In re People v. Lee,* 18 P.3d 192, 195 (Colo.2001). Relief pursuant to C.A.R. 21 may be appropriate to remedy an abuse of discretion or excess of jurisdiction by a lower court where appellate review would be insufficiently expeditious to address a matter of great public importance. *See People ex rel. Salazar v. Davidson,* 79 P.3d 1221, 1251 (Colo.2003). Because the recent sentencing jurisprudence of both the United States Supreme Court and this court has affected numerous criminal sentences, raising questions about alternate sentencing procedures, of which the lower court's ruling is typical, we consider it appropriate to exercise our original jurisdiction and address the issue without further delay.

## III.

■ In *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court made clear that a criminal defendant is entitled to have any fact that increases his penalty beyond the prescribed statutory maximum for the offense of which he is convicted, other than a prior conviction, submitted to a jury and proved beyond a reasonable doubt. In *Lopez v. People,* 113 P.3d 713 (Colo.2005), this court found that for felony sentences governed by section 18–1.3–401 of the Colorado Revised Statutes, the statutory maximum authorized by a jury verdict alone is the upper limit of the presumptive sentencing range specified in that statute.

In *Lopez* and subsequent cases, *e.g., People v. Huber,* 139 P.3d 628 (Colo.2006) and *DeHerrera v. People,* 122 P.3d 992 (Colo.

2005), we interpreted this entitlement to a jury determination as being satisfied not only by actual jury findings but also by admissions of the defendant or his accession to judicial fact-finding. We also interpreted the prior-conviction exception to this Sixth Amendment right to include facts about any prior conviction that "arose from procedures that satisfy the Sixth and Fourteenth Amendments," whether or not it actually involved a jury determination. *Huber,* 139 P.3d at 632. And with regard to the particular sentencing scheme set out in section 18–1.3–401(6) and (7), we held that the existence of any such *"Blakely*-compliant" or *"Blakely*-exempt" fact opens the aggravated range and permits the sentencing court to consider other aggravating circumstances concerning the defendant or his crime, even though they are not based on *Blakely*-compliant or exempt facts. *DeHerrera,* 122 P.3d at 994.

Finally, in *People v. Isaacks,* 133 P.3d 1190, 1196 (Colo.2006), we held, without elaboration, that the "proper procedure for an appellate court to follow, upon finding *Blakely* error, is to remand the case to the trial court for resentencing within the presumptive range." In *Isaacks* the sentencing court imposed an aggravated sentence solely on the basis of facts alleged in the defendant's presentence report, of which he had not been advised, at the time of his guilty plea, and with regard to the existence of which he had not been asked to waive his right to a jury trial. In that context, we meant by the term *"Blakely* error" a sentence beyond the presumptive range, in the absence of record support for any *Blakely*-compliant or *Blakely*-exempt fact.

Because the existence of any *Blakely*-compliant or exempt fact that is considered by the sentencing court to be extraordinary aggravation opens the so-called aggravated sentencing range to traditional, "real offense" sentencing, *see Lopez,* 113 P.3d at 732; *People v. Newman,* 91 P.3d 369, 371–72 (Colo. 2004), reliance primarily on non-*Blakely*-compliant or exempt facts to support an aggravated sentence is not error at all. Although it would be error to sentence in the aggravated range without finding any *Blakely*-compliant or exempt fact to be extraordinarily ag-

gravating, it would nevertheless not be *Blakely* error, as we used that term in *Isaacks,* as long as the record indicated the existence of some *Blakely*-compliant or exempt fact, which could be considered an extraordinary aggravating circumstance upon resentencing.

## IV.

In this case, the court of appeals did not find *Blakely* error; it merely remanded for resentencing when it was unable to determine from the record whether the sentencing court found a permissible *Blakely*-compliant or exempt fact. In fact, the court of appeals considered it unclear whether the defendant's deferred judgment and sentence had been dismissed or ultimately entered as a conviction; and it noted that the defendant appeared to have prior petty offense and misdemeanor convictions, although the sentencing court had not expressly relied on them in justifying its aggravated sentence. Because the court of appeals judgment became final without further review, however, the only question at issue before us today is whether a jury can now be empanelled to supply *Blakely*-compliant facts, capable of justifying a sentence in the aggravated range.

Whether or not the sentencing court might yet be able to find extraordinary aggravation from *Blakely*-exempt facts upon which it had not relied in its original sentencing order, the statutory maximum sentence to which the defendant subjected himself by entering his guilty plea cannot be increased by subsequent jury findings. In defining the scope of a defendant's right to jury findings regarding sentencing factors, the Supreme Court has now made clear that any fact increasing the maximum authorized sentence, however it might be characterized, "is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." *See Isaacks,* 133 P.3d at 1194 (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 494 n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). It was this functional equivalence upon which we relied in holding that a defendant's admission of a sentencing factor is *Blakely*-compliant only if it amounts to a

voluntary, knowing, and intelligent waiver of his Sixth Amendment right. *See Isaacks,* 133 P.3d at 1195. Even assuming that a hybrid proceeding, with characteristics of both guilty pleas and jury trials, could be constitutionally structured, the law of this jurisdiction has never sanctioned the conviction of an offense greater than the one to which a defendant pleads guilty, by supplementing his plea to a lesser included offense with jury findings of the missing elements.

■ A guilty plea is not merely a stipulation or admission of facts constituting the elements of a crime; it is a plea to criminal charges, authorized by law under specific conditions and having specific legal consequences. A guilty plea may be accepted by a court in this jurisdiction only after it determines that "the defendant understands ... the elements of the offense to which he is pleading and the effect of his plea." Crim. P. 11(b)(1). A guilty plea entails the waiver of a defendant's right to trial "on all issues," Crim. P. 11(b)(3), and the forfeiture of other important rights, including the right to appeal issues relating to factual guilt. *See Menna v. New York,* 423 U.S. 61, 63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *cf.* Crim. P. 32(c). In exchange, the constitutional and statutory framework authorizing and regulating guilty pleas not only permits their acceptance by courts, despite their having been induced by promises or concessions that would likely render other constitutional waivers involuntary, *see, e.g., Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), but actually requires the enforcement of those concessions.

Because sentencing factors increasing the statutory maximum are constitutionally indistinguishable from elements of a greater offense, a sentence in the aggravated range that is dependent upon subsequent jury findings would necessarily conflict with existing Colorado law governing the acceptance of guilty pleas. Among other things, allowing consideration of subsequent jury findings to increase the defendant's statutory maximum sentence would violate the requirement of Crim. P. 11 that the defendant understand the elements of the offense to which he pleads and the effects of his plea, before his plea can be accepted. In essence, even though the legislature has not delineated a separate offense of "aggravated vehicular homicide," such a practice would effectively result in sentencing the defendant to a crime greater than the ones for which he bargained and to which he entered his pleas. *Cf. Washington v. Recuenco,* — U.S. —, —, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006) (finding that application of a harmless constitutional error, rather than structural error, analysis for *Blakely* error on the basis of legislative choice in labeling crimes would defy logic).

Whether, or under what particular circumstances, a successful challenge to an aggravated sentence should more appropriately be considered the reversal of a greater offense, and be remedied accordingly, *cf. Crespin v. People,* 721 P.2d 688, 692–93 (Colo.1986) (remanding for a new trial or entry of judgment on lesser included offense, at the choice of the prosecution, where instructional error affected only an element of the greater offense), is a question that need not be resolved, in light of the procedural posture of the matter before us today. The discretion of the state to withdraw a guilty plea is extremely limited in this jurisdiction, as we noted in *Isaacks,* but unless a guilty plea can be legitimately withdrawn or vacated, additional jury findings cannot support conviction or sentencing for a greater offense.

## V.

■ Because Colorado law does not contemplate an increase in the statutory maximum sentence to which a defendant has subjected himself by pleading guilty, based on subsequent jury findings, which are the functional equivalent of elements of a greater offense than the one to which he pled, the district court erred. Its order permitting additional jury findings is therefore disapproved, and the rule is made absolute.

Justice EID does not participate.