**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OMARI DAVIS,

    Defendant - Appellant.

No. 23-1367

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:22-CR-00144-RM-1)**

_____

Jon W. Grevillius, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Officer of the Federal Public Defender, Denver, Colorado, for Defendant–Appellant.

Rajiv Mohan, Assistant United States Attorney (Matthew T. Kirsch, Acting United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff–Appellee.

_____

Before **HARTZ**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

_____

**HARTZ**, Circuit Judge.

_____

Defendant Omari Davis appeals his conviction on the charge of violating 18

U.S.C. § 922(g)(1), which applies only to a possessor of a firearm who had

previously been "convicted . . . of . . . a crime punishable by imprisonment for a term exceeding one year."

In 2019 Defendant had pleaded guilty to possession with intent to distribute an imitation controlled substance (which turned out to be baking soda) in violation of Colorado law. The district court determined that this Colorado conviction satisfied the prior-conviction requirement of § 922(g)(1). We respectfully disagree. We hold that the conviction was not punishable by imprisonment for a term exceeding one year because there is no fact in the record of conviction that could have permitted the state court to impose a sentence above the presumptive maximum of one year's imprisonment. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate Defendant's conviction.

## I.    BACKGROUND

Defendant was convicted under Colo. Rev. Stat. § 18-18-422(1)(a) of a level-4 drug felony (Colorado's lowest-level drug felony) for distributing an imitation controlled substance. For level-4 felonies, Colorado's drug-sentencing statute sets a presumptive sentencing range of six months to one year; but if there are aggravating circumstances, a defendant may be sentenced within an aggravated range of one to two years' imprisonment. *See id.* § 18-1.3-401.5(2)(a).[1] Several aggravating circumstances—such as committing the offense while on bond or on parole—are specified in the statute. *See id.* § 18-1.3-401.5(10)(a), (11). But, as relevant on

_____

[1] Although § 18-1.3-401.5 was amended in 2022, the subsections relevant to Defendant have not changed.

appeal, a sentencing court also may impose an aggravated sentence if it makes "specific findings on the record, detailing the aggravating circumstances that constitute the reasons for varying from the presumptive sentence." *Id.* § 18-1.3-401.5(9). The aggravating circumstances—which may be elicited at the sentencing hearing, appear in the presentence report, or be agreed to by the parties—must "support a different sentence that better serves the purposes of [the state criminal] code with respect to sentencing." *Id.* § 18-1.3-401.5(8).

In Defendant's plea agreement the boilerplate paragraphs regarding aggravated sentences were crossed out, and the parties agreed upon a sentence of two years' probation. Defendant made no factual admissions in the plea agreement beyond the elements of the offense.

At the hearing where the state court accepted the plea agreement and sentenced Defendant, the court noted that it was "a bit unusual to have a distribution case pled to a [level-4 drug felony] with probation" and asked if anybody wanted to make a "record . . . with regard to that?" R., Vol. I at 48. The prosecutor explained that the Defendant did not "have any other felony record" and that "on his history," probation was "appropriate." *Id.* at 48–49. After speaking with Defendant about his circumstances, the court accepted his plea and sentenced him to two years' probation. It made no findings regarding aggravating circumstances.

In 2022 Defendant was indicted in the United States District Court for the District of Colorado on two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moved to dismiss the charges on the grounds that (1) his

2019 conviction for distributing an imitation controlled substance was not a predicate offense under § 922(g)(1) because it carried a presumptive maximum sentence of one year, and (2) § 922(g)(1) violated the Second Amendment. The district court denied the motions. It did not identify any particular aggravating circumstances justifying an enhancement of the state sentence but instead concluded that under Colorado's sentencing scheme, courts always have "discretion to give a sentence that is greater than the presumptive range." *Id.*, Vol. III at 152. Defendant pleaded guilty while reserving his right to appeal the denial of his motions and was sentenced to 48 months' imprisonment.

## II.     DISCUSSION

We review de novo whether Defendant was convicted of a crime punishable by imprisonment of more than one year. *See United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014).

We begin with the text of the state drug-sentencing statute, interpreting the language of the statute in accordance with Colorado law. *See United States v. Venjohn,* 104 F.4th 179, 185 (10th Cir. 2024). The relevant provisions of that statute are as follows:

> (8) In imposing a sentence to incarceration, the court *shall* impose a definite sentence that is within the presumptive ranges set forth in subsection (2) of this section; except that, for level 2, level 3, and level 4 drug felonies, the court *may* sentence the defendant in the aggravated range *if it* concludes aggravating circumstances exist. The aggravating circumstances *must* be based on evidence in the record of the sentencing hearing, the presentence report, and any factors agreed to by the parties and *must* support a different sentence that better serves the purposes of this code with respect to sentencing, as set forth in section 18-1-102.5.

4

> (9) In all cases, except as provided in subsection (10) of this section, in which a sentence that is not within the presumptive range is imposed, the court *shall* make specific findings on the record, detailing the aggravating circumstances that constitute the reasons for varying from the presumptive sentence.

Colo. Rev. Stat. § 18-1.3-401.5(8)–(9) (emphasis added).

The first sentence of Section 8 states that courts *shall* sentence in the presumptive range, which is six months to one year for level-4 drug felonies. The presumptive range is the default unless additional requirements are met. The court *may* elevate a defendant's sentence into the aggravated range, but only if it makes "specific findings on the record detailing the aggravating circumstances," which "must be based on evidence in the record of the sentencing hearing, the presentence report, and any factors agreed to by the parties." *Id.*

The government argues that *any* conviction for which sentence is imposed under § 18-1.3-401.5 is punishable by more than a year's imprisonment because the sentencing court can "rely on any fact" or even "its own judgment" to aggravate a sentence. Aplee. Br. at 5. It argues that "even though the parties did not agree to any aggravating circumstances and the trial court found none to justify an aggravated sentence," Defendant could still have been imprisoned for more than a year based solely on his admissions to the elements of the offense in his plea agreement. *Id.* In other words, the government declares that "there were *no* substantive constraints on what circumstances [the sentencing court] could consider aggravating so long as they were tied to the purposes of sentencing." *Id.* at 10–11 (emphasis added).

5

The government's interpretation of the statutory language is not unreasonable. But it is not the interpretation adopted by the Colorado Supreme Court. To ensure that the Colorado general felony-sentencing statute, Colo. Rev. Stat. § 18-1.3-401, complies with the United States Constitution as interpreted by the Supreme Court of the United States in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that facts, other than a prior conviction, cannot increase the maximum sentence unless they are admitted by the defendant or found by a jury) and *Blakely v. Washington*, 542 U.S. 296, 305 (2004) (applying *Apprendi* to state sentencing-guideline regimes), the Colorado Supreme Court in *Lopez v. People*, 113 P.3d 713 (Colo. 2005), imposed two constraints on when aggravating circumstances can be used to enhance a sentence. First, to sentence within the aggravated range, the court must identify some additional aggravating fact "beyond the bare elements of the offense." *Id.* at 727 (internal quotation marks omitted); *see Mountjoy v. People*, 430 P.3d 389, 393, *as modified on denial of reh'g* (Colo. 2018) ("[F]or sentences based solely on the facts reflected in a conviction, the maximum sentence that a trial court may impose is the maximum of the presumptive range, not the aggravated range."). Second, that aggravating fact must fit within one of four categories: "(1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) facts regarding  prior convictions." *Lopez*, 113 P.3d at 719; *but see Mountjoy*, 430 P.3d at 393 n.2 (casting doubt on scope of category (4)).

6

We recognize that *Lopez* and *Mountjoy* were interpreting Colorado's general felony-sentencing statute, Colo. Rev. Stat. § 18-1.3-401, rather than the drug-sentencing statute under which Defendant was sentenced, *id.* § 18-1.3-401.5. But the relevant provisions of the two statutes are quite similar. *See id.* § 18-1.3-401(6), (7).[2] And, more importantly, the above restrictions were imposed not because of the language of the specific statute, but because of constitutional constraints declared by the United States Supreme Court. We have no doubt that the Colorado Supreme Court would impose the same constraints on the drug-sentencing statute. *See Taylor v. Powell*, 7 F.4th 920, 932 (10th Cir. 2021) ("If the state's highest court has not

---

[2] Section 18-1.3-401 provides in relevant part:

(6) In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18-1-102.5. If the court finds such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

(7) In all cases, except as provided in subsection (8) of this section, in which a sentence which is not within the presumptive range is imposed, the court shall make specific findings on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence.

decided an issue, our task is to predict how it would rule." (internal quotation marks omitted)).

Thus, contrary to the government's brief on appeal, there must be some additional aggravating fact beyond the elements of the offense for a defendant to be eligible for a sentence in the aggravated range. And for Defendant to be "*punishable by imprisonment for a term exceeding one year*," 18 U.S.C. § 922(g)(1) (emphasis added), there must have been such a fact in his case. It is not enough that some hypothetical defendant convicted of the same crime could have been sentenced to more than a year in prison. "We consider the possibility of a prison term of more than a year for [Defendant himself], not a hypothetical defendant." *United States v. Hisey*, 12 F.4th 1231, 1236 (10th Cir. 2021) (emphasis omitted). That is, "[a] crime is punishable by the maximum amount of prison time a *particular* defendant could have received." *Id.* (internal quotation marks omitted); *see Brooks*, 751 F.3d at 1213 ("[I]n determining whether a state offense was punishable by a certain amount of imprisonment, the maximum amount of prison time a *particular defendant* could have received controls, rather than the amount of time the worst imaginable recidivist could have received.").

Were there any permissible aggravating facts outside the elements of the offense in this case? We think not. The Colorado judge certainly identified no aggravating facts, and the plea agreement stipulated that none were present. The state prosecutor apparently did not think it was necessary to identify an aggravating circumstance, and all we can find in the government's brief before us that might

8

suffice is a passing reference to a prior misdemeanor conviction of Defendant's, which had been mentioned during his state-court plea/sentencing hearing. The prior misdemeanor was discussed at the hearing only in the context of determining where he could serve the probation to which he was sentenced.

That mere mention is not enough. To be sure, under Colorado law the fact of a prior conviction may be relied upon to enhance a sentence, even if that fact is not found by a jury. *See Lopez*, 113 P.3d at 730. The prior misdemeanor therefore had the potential to "open[] the so-called aggravated sentencing range" and thus subject Defendant to a sentence of more than one year. *People v. Lopez*, 148 P.3d 121, 124 (Colo. 2006). But a conviction lurking in the background will not suffice. The Colorado judge reached no conclusion that the conviction would constitute an aggravating circumstance. No surprise, because the parties to the state-court proceeding agreed that there was no aggravating circumstance. One would think that the absence of such a determination by the Colorado judge would establish that this particular defendant could not be sentenced to more than one year of imprisonment. But we need not resolve whether the Colorado judge's failure to identify the prior conviction as an aggravating circumstance in itself precludes the federal sentencing court from determining that Defendant was punishable by more than a year in prison. We must reverse in any event because the law is settled that the misdemeanor conviction cannot be considered in the federal proceedings.

The federal district court cannot, "*ex post*, enhance the state offense of record just because facts known to it would have authorized a greater penalty under either state or federal law." *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 576–77 (2010). In other

9

words, it is not enough for a defendant to *be* a recidivist. In *Brooks* we declared that, per *Carachuri-Rosendo*, "a recidivist finding"—like the prior misdemeanor in this case—can "set the maximum term of imprisonment" only if that recidivist finding "is a part of the [state] record of conviction." 751 F.3d at 1210 (internal quotation marks omitted).

*Carachuri-Rosendo* is illustrative and instructive. Petitioner was an alien who had been found removable and sought discretionary relief from removal under 8 U.S.C. § 1229b(a). *See Carachuri-Rosendo*, 560 U.S. at 566. The government argued that he was ineligible for relief under § 1229b(a)(3) because he had previously been convicted of an "aggravated felony." *Id.* at 570 (internal quotation marks omitted). The definition of *aggravated felony* for this purpose is "a crime for which the 'maximum term of imprisonment authorized' is 'more than one year.'" *Id.* at 567 (quoting 18 U.S.C. § 3559(a)). Petitioner had two prior Texas misdemeanors, one from 2004 and one from 2005. *See id.* at 566, 570. He was sentenced to just ten days in jail for the 2005 misdemeanor, *see id.* at 566; but because of his prior 2004 conviction, he could have been subject to a sentencing enhancement under Texas or federal law exposing him to more than one year in prison, *see id.* at 570–71. The Texas prosecutor elected not to seek that enhancement. *See id.* at 571. The government contended that Petitioner had been convicted of an aggravated felony because he *could* have received a sentence of more than one year if he had been prosecuted in federal court. *See id.* at 570.

The Supreme Court rejected the government's "hypothetical approach" because "Carachuri-Rosendo's *record of conviction* [for the 2005 offense] contain[ed] no finding of the fact of his prior [2004] drug offense." *Id.* at 576 (emphasis added and internal

10

quotation marks omitted). It explained that "when the recidivist finding . . . is not apparent from the sentence itself, or appears neither as part of the judgment of conviction nor the formal charging document, the Government will not have established that the defendant had a prior conviction for which the maximum term of imprisonment was [greater than one year] . . . ." *Id.* at 577 n.12 (citation and internal quotation marks omitted). The Court refused to "permit a federal immigration judge to apply his own recidivist enhancement after the fact." *Id.* at 579–80. It reversed the Fifth Circuit for "focus[ing] on facts known to the immigration court that could have *but did not* serve as the basis for the state conviction and punishment." *Id.* at 580.

We first followed *Carachuri-Rosendo*'s record-of-conviction restriction when considering whether a prior state conviction was "punishable by imprisonment for a term exceeding one year" for purposes of a sentencing enhancement under U.S.S.G. § 4B1.2. *Brooks*, 751 F.3d at 1208, 1211 (ellipsis and internal quotation marks omitted) (limiting judicial fact-finding to the record of conviction). We then followed *Brooks* to apply the same restriction in the present context. *See Hisey*, 12 F.4th at 1236 (limiting judicial fact-finding to the record of conviction in § 922(g)(1) proceeding).

In determining whether Defendant was punishable in the aggravated range, we are bound, then, by the documents in his record of conviction. The record of conviction includes recidivist findings that are "apparent from the sentence itself," "part of the judgment of conviction," or included in "the formal charging document." *Carachuri-Rosendo*, 560 U.S. at 577 n.12 (internal quotation marks omitted). We may also consider "statement[s] by the trial judge [during the plea colloquy] regarding the maximum

11

penalty," *United States v. Rodriguez*, 553 U.S. 377, 389 (2008), and "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant," *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The government has not established that Defendant's prior misdemeanor appeared in his record of conviction. It is certainly not "apparent from the sentence itself," nor is it "part of the judgment of conviction" or "the formal charging document." *Carachuri-Rosendo*, 560 U.S. at 577 n.12 (internal quotation marks omitted). It did not appear in the plea agreement, and the sentencing court never stated that Defendant could be subject to a sentence of more than one year, as is required under Colorado law. *See* Colo. Rev. Stat. § 16-7-207(2)(d); Colo. R. Crim. P. 11(b)(4). Although the prior misdemeanor was noted (not by Defendant) during the state-court plea/sentencing hearing, that mention had nothing to do with the factual basis for the plea. We are left with nothing more than Defendant's admissions to the bare elements of the imitation-controlled-substance offense, which we have already established cannot authorize an aggravated sentence under Colorado's sentencing scheme.

We conclude that Defendant's Colorado conviction was not punishable by more than one year in prison, and therefore does not satisfy the requirements for conviction under 18 U.S.C. § 922(g)(1).[3]

---

[3] Because we reverse Defendant's conviction on this ground, we need not address his Second Amendment arguments (which are foreclosed at any rate by our decision in *Vincent v. Bondi*, 127 F.4th 1263, 1264 (10th Cir. 2025)).

## III.   CONCLUSION

We **VACATE** Defendant's conviction. Mandate shall issue forthwith.