23CA0865 Peo v Randolph 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0865
Adams County District Court No. 22CR3322
Honorable Sharon Holbrook, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ralph Edward Randolph,

Defendant-Appellant.

---

SENTENCE AFFIRMED

Division VII
Opinion by JUDGE LUM
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney General & Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Christina Van Wagenen, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Ralph Edward Randolph, was convicted of third degree assault with a sentence enhancer under the habitual domestic violence offender (HDVO) statute, section 18-6-801(7), C.R.S. 2024. He appeals the aggravation of his sentence beyond the enhanced sentencing range. We affirm.

## I. Background

¶ 2 This appeal arises from an incident in which Randolph assaulted his girlfriend after she refused to perform oral sex on him. Randolph pleaded guilty, admitting that he (1) committed an act of domestic violence constituting third degree assault and (2) had eight prior domestic violence convictions, which elevated the third degree assault from a misdemeanor to a class 5 felony. §§ 18-6-801(7)(a), 18-3-204(1)(a), C.R.S. 2024. As part of his plea, Randolph waived the right to have a factual basis established for his offenses. The plea agreement didn't mention the sexual nature of the act underlying the third degree assault. Sentencing was left open to the court.

¶ 3 The People filed a presentence report listing Randolph's eight prior domestic violence convictions (of which three were felonies), three additional felony convictions for menacing and theft, and

numerous other nonfelony convictions for various crimes. The district court imposed an aggravated sentence of five years.[1] The court based its decision to aggravate the sentence on Randolph's lengthy criminal history — specifically, his six felony convictions and repeated acts of domestic violence — and, Randoph alleges, on the case's "sexual aspect." Randolph appeals.

## II.    *Apprendi-Blakely* Error

¶ 4      Randolph argues that the district court violated his constitutional rights to due process and trial by jury, as articulated in the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Specifically, he contends that the district court improperly aggravated his sentence based on (1) prior convictions that constituted an element of the HDVO sentence enhancer and (2) impermissible judicial factfinding regarding the assault. We perceive no reversible error.

---

[1] The court imposed the five-year sentence for the HDVO "count" and a concurrent six-month jail sentence for the third degree assault. Randolph doesn't raise any argument related to the court's entry of two sentences. Rather, he challenges only the five-year sentence.

## A. Standard of Review

¶ 5 We review a constitutional challenge to a sentence de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo. 2005); *People v. Elie*, 148 P.3d 359, 365 (Colo. App. 2006). Because Randolph didn't object at sentencing, we review his contention for plain error. *Elie*, 148 P.3d at 365. Plain error is error that is obvious and substantial. *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005). An error is substantial if it so undermines the fundamental fairness of the trial that it casts serious doubt on the reliability of the judgment of conviction. *Id.*

## B. Applicable Law

¶ 6 Third degree assault is ordinarily a misdemeanor. § 18-3-204(1)(a). However, under the HDVO statute, a conviction for third degree assault can be elevated to a class 5 felony if the assault "include[s] an act of domestic violence" and the defendant has three prior convictions that also included acts of domestic violence. § 18-6-801(7)(a); *see also People v. Jaso*, 2014 COA 131, ¶ 14; *People v. Vigil*, 2013 COA 102, ¶ 19. A class 5 felony carries a presumptive sentencing range of one to three years; however, a court may impose a sentence of up to six years if it finds extraordinary aggravating circumstances. §§ 18-1.3-401(1)(a)(V.5)(A) (providing

sentencing range for class 5 felony), 18-1.3-401(6), C.R.S. 2024 (providing for a sentence of up to twice the statutory maximum term if the court finds extraordinary aggravating factors).

¶ 7    "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490); *see also Erlinger v. United States*, 602 U.S. 821, 831 (2024); U.S. Const. amends. V, VI; Colo. Const. art. II, §§ 16, 23.

¶ 8    Therefore, to constitutionally aggravate a sentence beyond the presumptive range, the aggravating factors must fall into one of the following four categories: "(1) facts found by a jury beyond a reasonable doubt, (2) facts admitted by the defendant, (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes, or (4) the fact of a prior conviction." *Mountjoy v. People*, 2018 CO 92M, ¶ 15.  Facts that fall into the first three categories are "*Blakely*-compliant," while facts in the fourth category are "*Blakely*-exempt." *Lopez*, 113 P.3d at 723.

¶ 9    In addition, "the trial court must rely on facts outside of the elements of the crime itself." *Mountjoy*, ¶ 13.  In other words, the

court can't aggravate a sentence "without finding some facts to support it beyond the bare elements of the offense." *Lopez*, 113 P.3d at 722 (quoting *Blakely*, 542 U.S. at 305 n.8).

## C.    Analysis

¶ 10    Randolph first argues that the district court erred by aggravating his sentence based on his prior domestic violence convictions because those convictions are an element of an HDVO offense.

¶ 11    We agree that the district court's decision to aggravate Randolph's sentence must be supported by *Blakely*-compliant or *Blakely*-exempt facts "beyond the bare elements of the offense." *See id.* (We assume, without deciding, that this also applies to the elements of a sentence enhancer.)  But contrary to Randolph's argument, the record reflects that the district court complied with this directive.  The court said that Randolph's "prior felony convictions . . . all qualify as aggravation in this case."  Three of Randolph's six prior felonies were domestic violence convictions that were part of Randolph's plea to an HDVO offense, but three were not.  Prior criminal convictions are *Blakely*-exempt facts, and the court acted within its discretion by aggravating Randolph's

sentence based on the convictions that didn't form the elements of the HDVO sentence enhancer. *See id.* at 730 ("Whether prior convictions are extraordinary aggravating circumstances is a determination made by the judge alone."); *see also DeHerrera v. People*, 122 P.3d 992, 994 (Colo. 2005) (noting that a trial court's decision to impose an aggravated sentence may be informed by the defendant's past conduct and past convictions).

¶ 12 Furthermore, although Randolph admitted to *eight* prior domestic violence convictions, only three were necessary to subject him to the HDVO sentence enhancer. § 18-6-801(7)(a). To the extent the court aggravated Randolph's sentence based on the excessive convictions, we perceive no error. That Randolph had nearly three times the number of domestic violence convictions required for the HDVO sentence enhancer goes beyond the "bare elements" of his offense and is therefore an appropriate aggravating consideration. *Lopez*, 113 P.3d at 722.

¶ 13 Next, Randolph argues that the court erred by aggravating his sentence based on unadmitted facts regarding the "sexual aspect" of the assault. But even if the court did so, we need not address this argument. "One *Blakely*-compliant or *Blakely*-exempt factor is

sufficient to support an aggravated sentence." *Id.* at 731 (concluding that prior convictions adequately supported the trial court's decision to aggravate and declining to address aggravation based on the defendant's uncharged conduct). Because the district court properly relied on the prior convictions to aggravate Randolph's sentence, "[n]othing more is constitutionally required." *DeHerrera*, 122 P.3d at 994.

¶ 14 For all the above reasons, we uphold Randolph's sentence.

### III. Disposition

¶ 15 The sentence is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.